[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-8773.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8773

THE STATE EX REL. ALFORD, APPELLANT, *v.* ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-8773.]

*Mandamus—Writ of mandamus sought to compel release on ground that a hearing on the violation of his parole was not timely held—Claim barred by res judicata because it had been raised in a prior habeas corpus action—Dismissal of petition for writ affirmed.*

(No. 2016-1316—Submitted June 6, 2017—Decided December 5, 2017.)

APPEAL from the Court of Appeals for Warren County,

No. CA2015-11-104.

————————

**Per Curiam.**

{¶ 1} We affirm the judgment of the Twelfth District Court of Appeals dismissing the petition of appellant, Brian K. Alford, for a writ of mandamus.

**{¶ 2}** On November 17, 2015, Alford filed a petition for a writ of mandamus arguing that he is entitled to be released "from custody under the same terms and agreement as his original parole" because appellee, the Ohio Adult Parole Authority ("APA"), failed to hold a hearing to determine whether he had violated the terms of his release within a reasonable time. He also argued that by denying him counsel for his release-violation hearing, the APA impaired his ability to defend against the charges at his hearing.

**{¶ 3}** On August 16, 2016, the court of appeals granted the APA's motion for summary judgment, finding that "the delay from the time that [Alford] violated his parole until he was declared to be a parole violator was not unreasonable." The court further noted that Alford had raised the same arguments in a state habeas corpus action in the Warren County Court of Common Pleas and thus that his "claims in this action are therefore barred by res judicata and/or collateral estoppel." We affirm.

**{¶ 4}** The court of appeals correctly held that Alford's mandamus claim is barred by res judicata. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), paragraph one of the syllabus.

**{¶ 5}** The mandamus petition that is the subject of this appeal is but the most recent action Alford has filed alleging that the APA denied him a release-violation hearing within a reasonable time and claiming that he is entitled to release under the same terms and agreement as his original parole. In December 2011, Alford sought a writ of habeas corpus in federal court and raised the same claims. *Alford v. Warden, Lebanon Corr. Inst.*, S.D.Ohio No. 1:11-cv-862, 2013 WL 434050 (Feb. 5, 2013).

**{¶ 6}** And in July 2015, Alford filed a petition for a writ of habeas corpus against the warden of Warren Correctional Institution in the Warren County Court

of Common Pleas. His claim for relief was the same: "[APA]'s failure to hold a parole revocation hearing during this time created an unreasonable delay that violated his due process rights and required his immediate release * * *." *Alford v. Crutchfield*, 12th Dist. Warren No. CA2016-03-021, 2016-Ohio-7295, ¶ 7. The common pleas court granted the warden's motion for summary judgment, and the Twelfth District affirmed. *Id.* at ¶ 26, *appeal not accepted*, 148 Ohio St.3d 1445, 2017-Ohio-1427, 72 N.E.3d 658.

{¶ 7} Alford's mandamus claim arises "from a nucleus of facts that was the subject matter" of previous legal actions. *Grava*, 73 Ohio St.3d at 383, 653 N.E.2d 226. As such, Alford's mandamus petition is barred by the doctrine of res judicata.

{¶ 8} Further, we deny the motion for declaratory judgment that Alford filed in this appeal. A declaratory-judgment action is a "distinct proceeding generally initiated by the filing of a complaint," and a " 'motion' for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721." *Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1st Dist.1988); *see* Civ.R. 57 ("The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules"). Alford's motion is also improper because the sole issue presented in this case is whether the court of appeals erred in dismissing his mandamus petition, and Alford's claims (which are raised anew in the motion for declaratory judgment) have been fully briefed. We also deny the APA's motion to strike the application for declaratory judgment as moot. Finally, we deny Alford's requests for a copy of the motion to strike and for an extension of time to file a reply in opposition to the motion as moot.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Brian K. Alford, pro se.

Michael DeWine, Attorney General, and Kelly N. Brogan, Assistant Attorney General, for appellee.

_____