[Cite as *U.S. Natl. Bank Assn. v. Conrad*, 2018-Ohio-994.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 27716 & 27717 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-1237 |
| | : | |
| HADASSAH L. CONRAD, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of March, 2018.

. . . . . . . . . . .

BRIAN E. CHAPMAN, Atty. Reg. No. 0039826, 3962 Red Bank Road, Cincinnati, Ohio 45227
     Attorney for Plaintiff-Appellee

GREGORY T. ACKERMAN, 556 Shadowlawn Avenue, Dayton, Ohio 45419
     Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Gregory T. Ackerman appeals from the trial court's denial of his motion to stay the sheriff's sale of the foreclosed property at issue and the trial court's judgment confirming the sale of the foreclosed property and ordering distribution of the proceeds. For the following reasons, the trial court's judgments will be affirmed.

## I. Facts and Procedural History

{¶ 2} In April 2009, Hadassah Conrad borrowed $109,825 from First Mortgage Banc Corp for the purchase of a residence located at 557 Shadowlawn Avenue in Dayton. Conrad executed a note for the loan, which was secured by a mortgage on the property. First Mortgage transferred the loan to U.S. Bank National Association by an allonge and an assignment of mortgage.

{¶ 3} On March 10, 2017, U.S. Bank filed a foreclosure complaint in rem against Conrad, alleging that she had defaulted on the note and mortgage and that $102,005.67, plus interest, remained due and owing on the note. In addition to Conrad, the complaint named JPMorgan Chase Bank, the Montgomery County Treasurer, and the unknown spouse of Hadassah Conrad as defendants due to their possible interest in the property. U.S. Bank sought a finding that Conrad had defaulted on the loan, foreclosure of the equity of redemption and any dower rights, and the sale of the property. The complaint indicated that Conrad's indebtedness had been discharged in bankruptcy and, consequently, U.S. Bank was not seeking a deficiency judgment.

{¶ 4} The Montgomery County Treasurer filed an answer to the complaint. No other defendant filed an answer. On May 10, 2017, U.S. Bank moved for a default judgment against Conrad, Conrad's unknown spouse, and JPMorgan Chase Bank.

**{¶ 5}** On May 25, 2017, the trial court entered a judgment in rem, finding that the Montgomery County Treasurer was entitled to unpaid taxes, assessments, interest, and penalties on the property, that $102,005.67 plus interest was due and owing to U.S. Bank, that the indebtedness had been discharged in bankruptcy, and that the mortgage was a valid first mortgage lien on the property. The trial ordered that the equity of redemption and any dower rights of all defendants be foreclosed and the property sold.

**{¶ 6}** An order of sale was filed on May 26, 2017, and a sheriff's sale was scheduled for August 11, 2017. Notice of the sheriff's sale was published in the Dayton Daily News.

**{¶ 7}** On August 10, 2017, the day before the scheduled sale, Ackerman filed a combined "Notice and Filing of Claim of Interest in Land" and "Motion for Stay of Sheriff Sale." In his notice and motion, Ackerman stated that he resides at 556 Shadowlawn Avenue, which is across the street from the foreclosed property, and that he had a "claim of interest, objective use, and enjoyment of the property at 557 Shadowlawn Ave. Dayton, Ohio 45419 for the past 29 years (1997)."[1] Pursuant to R.C. 5301.51 and 5301.52, Ackerman asked the trial court for a 31-day extension of time (until September 11, 2017) to file a "recording affidavit relating to title" with the county recorder. Ackerman also asked the trial court to stay the sheriff's sale "while the county (Montgomery County) record is being satisfied."

**{¶ 8}** On August 11, 2017, the trial court overruled Ackerson's motion for a stay of the sheriff's sale. The court's decision stated in its entirety:

---

[1] It is unclear whether Ackerman intended to assert that his claim of interest began 29 years before or in 1997 (20 years before the filing of his notice and motion).

This matter comes before the Court on Third Party Greg T. Ackerman's August 10, 2017 Motion for Stay of Sheriff Sale. The Motion comes on the eve of the Sheriff Sale, which was ordered by the Court on May 26, 2017 and set by Notice on July 12, 2017. It does not describe Ackerman's interest in the property other than to note that he has "a claim of interest, objective use, and enjoyment" of the property for the past 29 years.

Not only is the Motion untimely, but it fails to set out any true claim of interest in the property. The Motion is OVERRULED.

{¶ 9} The property was sold at the sheriff's sale to USREEB Dayton, LLC, for $70,000. On August 31, 2017, the trial court entered a judgment confirming the sale of the property and specifying the distribution of the proceeds of the sale.

{¶ 10} Ackerman filed two notices of appeal. In Case No. 27716, Ackerman appealed the judgment entry confirming the sale and ordering distribution of the proceeds. In Case No. 27717, Ackerman appealed the denial of his motion to stay the sheriff's sale. We consolidated the appeals and ordered Ackerman to file a combined brief for both cases.

## II. Trial Court's Denial of Ackerman's Motion

{¶ 11} Ackerman states one assignment of error:

The trial court err[ed] to realize the generally meritorious text of the Appellant's motion, filed on August 10, 2017. Specifically, an err [sic] "mistake" in the direct relation of the Appellant to the property at issue with the text words in his announcement to a "meaningful notice and filing of

<u>claim of interest</u>" in land at 557 Shadowlawn Ave., Dayton, Ohio 45419. (Emphasis in original.)

{¶ 12} Ackerman's appellate brief is somewhat confusing. However, he appears to argue that the trial court erred in failing to recognize his claim of interest in the foreclosed property, in failing to stay the sheriff's sale, and in ultimately confirming the sale of the property. Although not specifically stated, it appears that Ackerman's aim may have been to intervene in the litigation so that he could assert his interest in the property.

{¶ 13} Before addressing Ackerman's specific issues, we begin with a review of the course of foreclosure proceedings.

{¶ 14} "A foreclosure action is a two-step process, the first part of which ends with the judgment and decree of foreclosure, which is a final appealable order. The second part of the process involves the sale of the property, culminating in a confirmation of sale and dispersal of the proceeds. An order confirming the sale of the property is also a final appealable order." (Citations omitted.) *Fifth Third Bank v. Dayton Lodge LLC.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 18. *See Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6.

{¶ 15} A suit for foreclosure of the mortgage "constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more." *Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 28, quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947). The final judgment in a foreclosure proceeding "will determine the rights of all the parties in the

premises sought to be foreclosed upon." *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 270, 533 N.E.2d 325 (1988). Upon the entry of a judgment of foreclosure, the trial court must order the property to be sold. *See* R.C. 2323.07.

{¶ 16} R.C. Chapter 2329 governs execution against property. "The primary purpose and goal of a foreclosure sale is to protect the interests of the mortgagor-debtor while, at the same time, ensuring that the secured creditors receive payment for unpaid debts." *Young* at ¶ 30, citing *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 56, 563 N.E.2d 1388 (1990) and *Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 2004-Ohio-2046, 809 N.E.2d 55, ¶ 36 (2d Dist.). Prior to confirming the sale of the property, the trial court must determine that the sale of property was made, in all respects, in conformity with R.C. 2329.01 to R.C. 2329.61. R.C. 2329.31; *Burch* at ¶ 15; *see CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40 ("The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law."). The court may stay confirmation of the sale "to permit a property owner time to redeem the property or for any other reason that it determines is appropriate." R.C. 2329.31(A).

{¶ 17} Generally, a trial court's decision to confirm or refuse a judicial sale will not be reversed by a reviewing court absent an abuse of discretion. *Sutton Funding LLC. v. Herres*, 2d Dist. Montgomery No. 26530, 2015-Ohio-3609, ¶ 17. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 18} Ackerman's motion to stay and notice of "claim of interest in land," filed one day before the scheduled sheriff's sale, stated that Ackerman resides across the street

from 557 Shadowlawn Avenue and that he has had a "claim of interest, objective use, and enjoyment of the property at 557 Shadowlawn Ave. * * * for the past 29 years (1997)." Ackerman did not explain his interest in the property or provide any documentation to substantiate his claim. In addition, when Ackerman filed his notice and motion, the trial court had already entered a final judgment and decree of foreclosure regarding the rights of the parties to the foreclosure action; Ackerman did not ask the trial court to vacate that judgment, nor did his notice and motion expressly seek to intervene in the action. Without additional information and given the timing of Ackerman's notice and motion, the trial court acted reasonably when it proceeded with the sheriff's sale and later confirmed the sale.

{¶ 19} In his appellate brief, Ackerman enumerates various ways that he used and enjoyed the property located at 557 Shadowlawn Avenue. The list included, for example, using the house and garage for storage of his personal property and business's property, using the house for daily activities (laundry, eating, showering, sleeping, etc.), maintaining the property, and holding family parties. However, in reviewing the trial court's judgment, we are limited to the record before the trial court. *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23. None of the specific information about how Ackerman used the property or why he believed he had an interest in 557 Shadowlawn was provided to the trial court. Accordingly, we cannot consider the additional information in Ackerman's brief in our appellate review.

{¶ 20} Finally, even if we were to construe Ackerman's notice and motion as a motion to intervene, the trial court did not abuse its discretion in failing to permit Ackerman to intervene in the foreclosure litigation. Civ.R. 24(A) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Civ.R. 24(C) requires a person desiring to intervene to serve a motion to intervene upon the parties, to state the grounds for intervention, and to accompany the motion with a pleading setting forth the claim or defense for which intervention is sought.

{¶ 21} Ackerman's notice and motion was filed on August 10, 2017, after the trial court entered its judgment and decree of foreclosure. "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503-504, 696 N.E.2d 1058 (1998); *Yemma v. Reed*, 2017-Ohio-1015, 86 N.E.3d 980, ¶ 27-28 (7th Dist.) (motion to intervene following the entering of a judgment and decree of foreclosure was a post-judgment motion to intervene). Ackerman did not ask the court to vacate the judgment of foreclosure in order to pursue his claim. Moreover, Ackerman's notice was not accompanied by a pleading setting forth his claim and/or defense in the action, as required by Civ.R. 24(C). Accordingly, even if we were to construe Ackerman's notice and motion as a motion to intervene, we find no error in the trial court's decision to deny the motion.

{¶ 22} Ackerman's assignment of error is overruled.

### III. Conclusion

**{¶ 23}** The trial court's judgments will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Brian E. Chapman
Hadassah L. Conrad
JPMorgan Chase Bank, N.A.
Michele Phipps
Gregory T. Ackerman
Hon. Steven K. Dankof