[Cite as *U.S. Bank Natl. Assn. v. Conrad*, 2019-Ohio-4104.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28432 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-1237 |
| | : | |
| HADASSAH L. CONRAD, et al. | : | |
| | : | (Civil Appeal from |
| Defendant-Appellee | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2019.

. . . . . . . . . . .

BRIAN E. CHAPMAN, Atty. Reg. No. 0039826, 3962 Red Bank Road, Cincinnati, Ohio 45227
    Attorney for Plaintiff-Appellee

GREGORY T. ACKERMAN, 556 Shadowlawn Avenue, Dayton, Ohio 45419
    Third Party Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Gregory T. Ackerman, who is not a party to this case, appeals pro se from the trial court's denial of his motion to take judicial notice of adjudicative facts in the foreclosure proceedings of this case. Finding no error, we affirm.

## I. Facts and Procedural History

{¶ 2} On March 10, 2017, U.S. Bank filed a foreclosure action against Hadassah L. Conrad and others with respect to residential property in Dayton. In May, the trial court entered judgment for U.S. Bank and ordered that the property be sold at a sheriff's sale on August 11. The day before the sale, Ackerman filed a combined "Notice and Filing of Claim of Interest in Land" and "Motion for Stay of Sheriff Sale" in which he stated that he lived across the street from the foreclosed property and that he had a "claim of interest, objective use, and enjoyment of the property." Ackerman asked the trial court for an extension to file a "recording affidavit relating to title" with the county recorder and for a stay of the sheriff's sale. The trial court overruled Ackerson's motion for a stay on August 11, because it was untimely and failed to set out any true claim of interest in the property. The property was sold at the sheriff's sale, and on August 31, 2017, the trial court entered a judgment confirming the sale.

{¶ 3} Ackerman appealed the order denying his motion for a stay and, separately, the order confirming the sale. He argued that the trial court had erred in failing to recognize his claim of interest in the foreclosed property. We consolidated the two appeals and, on March 16, 2018, affirmed both orders. *See U.S. Bank National Assn. v. Conrad*, 2018-Ohio-994, 108 N.E.3d 1156 (2d Dist.). We agreed with the trial court that Ackerman had failed to demonstrate a sufficient interest in the property. We also noted

that it appeared that Ackerman, in an effort to assert his claimed interest in the property, was trying to intervene in the foreclosure litigation. We said that even if we construed Ackerman's notice and motion as a motion to intervene under Civ.R. 24, we would find no error in the trial court's decision to deny the motion. We pointed out that the notice and motion were filed after the trial court entered its judgment and decree of foreclosure, that Ackerman did not ask the court to vacate the judgment of foreclosure in order to pursue his claim, and that the notice was not accompanied by a pleading setting forth his claim and/or defense in the action, as required by rule.

{¶ 4} On February 15, 2019, Ackerman filed pro se a "Third Party Interest Petition for Writ of Mandamus Instanter" in the trial court. In the petition, he reiterated his assertion that he has a "claim of interest, 'objective use', and enjoyment of [the property]." On April 1, the trial court granted U.S. Bank's motion to dismiss or overrule the petition on both procedural and substantive grounds. Ackerman appealed, and we affirmed, agreeing that Ackerman was not a party and that his petition was fatally defective, both procedurally and substantively.[1]

{¶ 5} On April 15, 2019, Ackerman filed pro se a "Third Party Interest Notice of Timely Adjudicative Facts For Investigation," in which he asked the trial court to take judicial notice of facts under Evid.R. 201. He claimed that these facts were essential to his claim of interest in the property and in the foreclosure proceedings. On May 6, the trial court overruled the motion, stating that Ackerman was not a party to the foreclosure proceedings, which were anyway no longer pending.

---

[1] *See* our opinion in *U.S. Bank Natl. Assn. v. Conrad,* 2d Dist. Montgomery No. 28375 (released simultaneously with this opinion).

**{¶ 6}** Ackerman appeals.

## II. Analysis

**{¶ 7}** Ackerman's sole assignment of error alleges:

Pursuant to Appellant's assignment of error #1 at trial court's decision entered by said trial court on the May 06, 2019, "Order Denying Motion to Take Notice of Adjudicative Facts", page 1; "As the Court has repeatedly advised Ackerman, he is not a party to these proceedings which are no longer pending."

**{¶ 8}** Ackerman was not a party to the foreclosure proceedings. In 2018, we affirmed the denial of his attempt to intervene without leave. Because he was not a party, we affirmed the denial and dismissal of his petition for a writ of mandamus, in which he again argued that he should have been allowed to intervene. And in the present appeal, because Ackerman was not a party, we conclude that the trial court properly overruled his motion to take notice of adjudicative facts.

**{¶ 9}** The sole assignment of error is overruled.

## III. Conclusion

**{¶ 10}** We have overruled the sole assignment of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Brian E. Chapman
Gregory Ackerman
Michele Phipps
JP Chase Morgan Bank

Hadassah L. Conrad
Hon. Steven K. Dankof