[Cite as *U.S. Bank Natl. Assn. v. Conrad*, 2019-Ohio-4103.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28375 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-1237 |
| | : | |
| HADASSAH L. CONRAD, et al. | : | |
| | : | (Civil Appeal from |
| Defendant-Appellee | : |  Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2019.

. . . . . . . . . .

BRIAN E. CHAPMAN, Atty. Reg. No. 0039826, 3962 Red Bank Road, Cincinnati, Ohio 45227
      Attorney for Plaintiff-Appellee

GREGORY T. ACKERMAN, 556 Shadowlawn Avenue, Dayton, Ohio 45419
      Third Party Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Gregory T. Ackerman, who is not a party to this case, appeals pro se from the trial court's denial and dismissal of his petition for a writ of mandamus. Finding no error, we affirm.

## I. Facts and Procedural History

{¶ 2} On March 10, 2017, U.S. Bank filed a foreclosure action against Hadassah L. Conrad and others with respect to residential property in Dayton. In May, the trial court entered judgment for U.S. Bank and ordered that the property be sold at a sheriff's sale on August 11. The day before the sale, Ackerman filed a combined "Notice and Filing of Claim of Interest in Land" and "Motion for Stay of Sheriff Sale" in which he stated that he lived across the street from the foreclosed property and that he had a "claim of interest, objective use, and enjoyment of the property." Ackerman asked the trial court for an extension to file a "recording affidavit relating to title" with the county recorder and for a stay of the sheriff's sale. The trial court overruled Ackerson's motion for a stay on August 11, because it was untimely and failed to set out any true claim of interest in the property. The property was sold at the sheriff's sale, and on August 31, 2017, the trial court entered a judgment confirming the sale.

{¶ 3} Ackerman appealed the order denying his motion for a stay and, separately, the order confirming the sale. He argued that the trial court had failed to recognize his claim of interest in the foreclosed property. We consolidated the two appeals and, on March 16, 2018, affirmed both orders. *See U.S. Bank National Assn. v. Conrad*, 2018-Ohio-994, 108 N.E.3d 1156 (2d Dist.). We agreed with the trial court that Ackerman had failed to demonstrate a sufficient interest in the property. We also noted that it appeared that Ackerman, in an effort to assert his claimed interest in the property, was trying to

intervene in the foreclosure litigation. We said that even if we construed Ackerman's notice and motion as a motion to intervene under Civ.R. 24, we would find no error in the trial court's decision to deny the motion. We pointed out that the notice and motion were filed after the trial court entered its judgment and decree of foreclosure, that Ackerman did not ask the court to vacate the judgment of foreclosure in order to pursue his claim, and that the notice was not accompanied by a pleading setting forth his claim and/or defense in the action, as required by rule.

{¶ 4} On February 15, 2019, Ackerman filed pro se a "Third Party Interest Petition for Writ of Mandamus Instanter." In the petition, he reiterated his assertion that he has a "claim of interest, 'objective use', and enjoyment of [the property] for the past 30+ years (1997), and has 'treated it as his own' for at least, 21+ years." On April 1, the trial court granted U.S. Bank's motion to dismiss or overrule the petition on both procedural and substantive grounds. The court concluded that, procedurally, the petition was fatally defective because it was not brought in the name of the state. The court also found that the petition was not properly captioned and did not identify the respondent and the respondent's address. Substantively, the trial court concluded that the petition failed to establish a clear legal right to the requested relief, failed to establish a clear legal duty to grant relief, and failed to establish the lack of an adequate legal remedy. The court further concluded that Ackerman was effectively attempting to collaterally attack the trial court's denial of his motion for a stay and concluded the attack was barred by res judicata.

{¶ 5} Ackerman appeals.

## II. Analysis

{¶ 6} Ackerman's sole assignment of error alleges:

Pursuant to Appellant's assignment of error #1 at trial court's decision entered by said trial court on the 1st day of April, 2019; "Order and Entry Granting Motion to Dismiss/Overrule Petition for Writ of Mandamus", page 1 at I. Factual and Procedural Background, and specifically stated in paragraph 1 by the court, "An order of sale was issued, and the day before the sale, Ackerman—who was not and is not a party to this case—filed a motion to stay the sale".

Ackerman appears to argue that the trial court erred by finding that he was not a "legal party" and erred by not permitting him to intervene in the foreclosure proceedings to protect his interest in the property.

{¶ 7} As the trial court stated, Ackerman was not a party to the foreclosure proceedings. And we have affirmed the trial court's denial of his attempt to intervene without leave. *See Conrad*, 2018-Ohio-994, 108 N.E.3d 1156. Furthermore, we agree with the trial court that Ackerman's petition was procedurally and substantively defective. That the petition was not brought in the name of the state on the relation of the person requesting the writ, as required by R.C. 2731.04, was alone sufficient grounds to deny the petition. *See Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 10; *Cousino v. State*, 6th Dist. Lucas No. L-06-1368, 2007-Ohio-2142, ¶ 4. In addition, Ackerman's petition failed to establish a clear legal right to the relief that he requested, failed to establish a clear legal duty to grant relief, and failed to establish the lack of an adequate remedy at law. Indeed, Ackerman had an adequate legal remedy by way of appeal from the trial court's denial of his motion for a stay. *See Shoop* at ¶ 8-9. Finally, res judicata prevents Ackerman from collaterally attacking the trial court's judgment

denying his motion for a stay, a judgment that we affirmed, and provides another basis for dismissal of the petition. *See State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 10-11; *State ex rel. Alford v. Adult Parole Authority*, 152 Ohio St.3d 35, 2017-Ohio-8773, 92 N.E.3d 838, ¶ 4, 7.

**{¶ 8}** The assignment of error is overruled.

### III. Conclusion

**{¶ 9}** We have overruled the sole assignment of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Brian E. Chapman
Gregory Ackerman
Michele Phipps
JP Chase Morgan Bank
Hadassah L. Conrad
Hon. Steven K. Dankof