[Cite as *BankUnited, N.A. v. Lowe*, 2020-Ohio-3742.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| BANKUNITED, N.A. | : |
| | : |
| Plaintiff-Appellee | :   Appellate Case No. 28591 |
| | : |
| v. | :   Trial Court Case No. 2019-CV-2184 |
| | : |
| WILLIAM H. LOWE, et al. | :   (Civil Appeal from |
| | :    Common Pleas Court) |
| Defendant-Appellant | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of July, 2020.

. . . . . . . . . . .

PHILLIP BARRAGATE, Atty. Reg. No. 0063017, 4805 Montgomery Road, Suite 320, Norwood, Ohio 45212
      Attorney for Plaintiff-Appellee

WILLIAM H. LOWE, 2027 Berwyck Avenue, Dayton, Ohio 45414
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** William H. Lowe appeals from a Final Judgment Entry in Rem finding him to be in default on a promissory note held by BankUnited, N.A. ("BankUnited") and secured by a mortgage assigned to BankUnited, and directing the foreclosure and sale of Lowe's subject real property unless all sums due were paid within three days. The judgment of the trial court will be affirmed.

## Factual and Procedural Background

**{¶ 2}** On January 9, 2009, Lowe executed a promissory note payable to United Wholesale Mortgage in the amount of $91,829.00 plus interest at the rate of 5.5 percent annually. (*See* Complaint for Foreclosure in Rem and Relief ("Complaint") filed on 5/13/19, Exh. A.)[1] That note was secured by a mortgage on real property located at 2027 Berwyck Avenue in Dayton. (*See id.*, Exh. C.) The note passed through two subsequent payees before being endorsed in blank by Bank of America, N.A. BankUnited thereafter acquired the note; the related mortgage also was assigned to BankUnited.

**{¶ 3}** Lowe's loan was modified on November 14, 2013 to provide for a new principal balance of $87,362.25 at an interest rate of 4.625 percent, effective January 1, 2014. (*See id.*, Exh. B.) On May 13, 2019, BankUnited, as the holder of the note and loan modification agreement and as the assignee of the related mortgage, filed a complaint for foreclosure in rem in the Montgomery County Court of Common Pleas. BankUnited alleged that Lowe was in default due to his failure to make the required monthly loan

---

[1] An allonge attached to the copy of the note included with BankUnited's complaint states that it applies to a promissory note executed by a different individual in a different amount. (*See* Complaint, Exh. A, Allonge.) BankUnited acknowledges that such allonge "references a different loan" (Brief of Appellee BankUnited, p. 4), and that allonge therefore has no bearing on this action.

payments, but acknowledged that Lowe was not personally liable for the remaining debt due to his prior discharge in bankruptcy. BankUnited sought only to foreclose on the subject real property in order to recover the amount it allegedly was due as the first mortgage lienholder.

{¶ 4} BankUnited's complaint also named as defendants Lowe's "Unknown Spouse, if any," the Montgomery County Treasurer ("Treasurer"), and the United States of America ("United States"), due to Unknown Spouse's possible dower or other interest, the Treasurer's interest by virtue of a real estate tax lien, and the United States' interest through a second mortgage recorded on December 18, 2013. (*See* Complaint, Exh. D.)

{¶ 5} Although both Lowe and Unknown Spouse received personal service through Lowe on May 21, 2019, neither timely answered nor otherwise responded to the complaint. The Treasurer filed an answer asserting a "paramount" lien in an unspecified amount for taxes, assessments, interest, penalties, and other charges against the subject real property. The United States' answer claimed a lien through a "second mortgage" Lowe delivered to the Secretary of Housing and Urban Development ("HUD") to secure indebtedness in "the principal amount of $27,016.83." Additionally, the United States asked that any judgment entered "specifically provide for the Government's right of redemption under 28 U.S.C. § 2410(c)."

{¶ 6} Following a brief delay due to an administrative dismissal without prejudice,[2] the matter was returned to the trial court's active docket on September 25, 2019. Soon

---

[2] The dismissal was in response to BankUnited's motion representing that it temporarily was "barred from proceeding with foreclosure" because "the subject property [wa]s covered under the Major Disaster Declaration the Federal Emergency Management Agency ("FEMA") announced on June 18, 2019." (Parenthetical sic.) (*See* Motion to Stay Case filed on June 28, 2019.)

thereafter, BankUnited moved for default judgment against Lowe and Unknown Spouse based on their failure to answer or otherwise plead.

{¶ 7} In granting that motion on October 4, 2019, the trial court entered judgment in rem, stating in part as follows:

IT THEREFORE IS ORDERED that [BankUnited] is granted an *in-rem* [sic] Judgment in the amount of $73,908.09 on the promissory note plus interest of 4.625% per year from December 1, 2018, plus any advancements for taxes, insurance and other expenditures for the protection of the Property.

* * * [The total amount of any such advancements] is undetermined at the present time, but will continue to accrue, and will be ascertained at the time of the confirmation of the foreclosure sale, and may be added to the first mortgage lien of [BankUnited] and shall be paid from the proceeds of the sale. The Court reserves for further order a determination of the exact, if any, amount due [BankUnited] for said advances.

* * *

The Court finds that there is due the Treasurer of Montgomery County, Ohio, taxes, accrued taxes, assessments and penalties on the premises hereinafter described, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present time, but which amount will be ascertained at the time of sale, which are a valid and subsisting lien thereon for that amount so owing.

Defendant, United States of America, filed an Answer herein and

claims some right, title, interest, lien, or claim, upon the premises described herein as set forth in the pleading(s) filed herein, but that any right, title, interest, lien, or claim that said defendant may have is inferior and subsequent to the lien of [BankUnited].

No finding is made at this time as to the claim, right, title, interest, lien, or claim [sic] of the Defendant, United States of America, * * * except to note that such claim, right, title, interest, lien or claim * * * is hereby ordered transferred to the proceeds derived from the sale of said premises and shall be paid according to its priority as shown on the preliminary judicial report after the payment of the costs of the within action, taxes due and payable[,] and the amount hereinabove found due [BankUnited] * * *. The United States of America[ ] shall have the right to redeem within the time periods provided by 28 U.S.C. § 2410(c).

And, now to distribute the proceeds of said sale, it is ordered that the Sheriff or Private Sale Officer out of the funds in his hands pay:

FIRST: The costs herein payable to Montgomery County Clerk of Courts.

SECOND: To the Treasurer of Montgomery County, the unpaid taxes, assessments, interest and penalties due and payable on said premises.

THIRD: To [BankUnited], the sum of $73,908.09 plus interest thereon at the rate of 4.625% per annum from December 1, 2018, together with advances, if any.

FOURTH: The balance, if any, to be deposited with the clerk, pending further order.

The Court further finds that there is no just reason either legal or

equitable for delay in entering judgment for [BankUnited]. It is therefore ORDERED, ADJUDGED AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of all the Defendants in and to said premises shall be foreclosed, and said premises sold * * *.

{¶ 8} Lowe filed a timely notice of appeal from that judgment entry. By order dated November 15, 2019, we sua sponte ordered the parties "to address the finality of the order on appeal in their merit briefs," in light of the decisions in *Tax Ease Ohio LLC v. Wells*, 2d Dist. Montgomery No. 27920, 2018-Ohio-4346, ¶ 19-24, and *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 27-32.

{¶ 9} The substantive content of the pro se filing Lowe thereafter submitted as his appellate brief reads in its entirety as follows:

The reason for this appeal is because someone unknowingly [sic] got a second mortgage against my house for the amount of $27,000. I deny taking this loan out or rec[ei]ving any of the money. I never even knew the loan was tak[en] out until 2019 when the loan was tak[en] out in 2013. Nothing was br[ought] to my attention about this loan and I am willing to do what it takes to look furth[e]r into this and find out where the money went.

**Preliminary Issue - Jurisdiction**

{¶ 10} As a threshold matter, we must determine whether the judgment in rem issued by the trial court constitutes a final appealable order. This court lacks jurisdiction to review an order or judgment that is not final. *Tax Ease Ohio* at ¶ 11, citing *CitiMortgage,*

*Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 520 N.E.2d 266 (1989). "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. Pursuant to Civ.R. 54(B), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final and appealable absent "an express determination" by the trial court "that there is no just reason for delay."

{¶ 11} A foreclosure action " 'is a two-step process, the first part of which ends with the judgment and decree of foreclosure'," while the second part " 'involves the sale of the property, culminating in a confirmation of sale and dispersal of the proceeds.' " *U.S. Bank Natl. Assn. v. Conrad*, 2018-Ohio-994, 108 N.E.3d 1156, ¶ 14 (2d Dist.), quoting *Fifth Third Bank v. Dayton Lodge LLC.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 18. In proper form, both the judgment and decree of foreclosure and the later confirmation of sale constitute final orders. *Id.* A foreclosure decree is final and appealable if it "determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 18. " 'Liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale.' " *Id.* at ¶ 32, quoting *Roznowski* at ¶ 25.

{¶ 12} In this case, the trial court's judgment in rem explicitly stated that the court

made "[n]o finding * * * at this time as to the claim, right, title, interest, lien, or claim [sic] of the Defendant, United States of America," through its second mortgage. Instead, the court ordered the United States' undetermined interest "transferred to the proceeds derived from the sale of" the subject premises and "paid according to its priority." In a prior case where the trial court's decision used nearly identical language, we determined that we lacked jurisdiction. *See Tax Ease Ohio.* In that case, we concluded that by deferring any finding as to the validity, amount, and priority of the United States' lien, "the trial court failed to properly set forth the rights and priority of the federal government's lien." *Id.* at ¶ 19, 23. Accordingly, we held that the judgment in *Tax Ease Ohio* did not amount to a final appealable order. *Id.* at ¶ 27.

{¶ 13} The similarity of the language employed in this case led us to solicit the parties' positions as to whether the judgment at issue here was final. Although Lowe's pro se filing did not address the issue, BankUnited's appellate brief maintains that the trial court's judgment in rem was a final appealable order. BankUnited first notes that none of the defendants in this action filed counterclaims or cross-claims. Consequently, "there were no claims pending when the trial court entered its foreclosure decree." *See Sponaugle* at ¶ 31. Our analysis thus focuses on whether the trial court's judgment left unresolved "the rights and liabilities" of any party. *See id.* at ¶ 29.

{¶ 14} BankUnited observes that Lowe did not appear in the trial court, distinguishing this matter from *Tax Ease Ohio*, where the property owner/mortgagor filed an answer denying that the United States possessed a valid lien. *See Tax Ease Ohio* at ¶ 25. We concur as to that distinction. Although our conclusion in *Tax Ease Ohio* did not

depend on the property owner's answer,[3] Lowe's failure to contest either the validity or amount of the United States' lien in the trial court is significant, especially in light of subsequent case law.

{¶ 15} Since the Ohio Supreme Court's decision in *Sponaugle,* we have had occasion to consider again whether inclusion of the "makes no finding at this time" language as to a lien of the United States prevents a foreclosure judgment from being a final order. *See M&T Bank Successor by Merger to M&T Mtge. Corp. v. Wood*, 2d Dist. Clark No. 2019-CA-46, 2020-Ohio-10. In *Wood*, analyzing facts substantially similar to those presented in this case, we concluded that the judgment entry at issue *was* a final appealable order, because the property owners/mortgagors "d[id] not dispute the federal lien against them" and "the priority of the liens * * * [wa]s clear." *Id.* at ¶ 33. We reach the same conclusion here.

{¶ 16} As in *Wood*, the order at issue in this case made clear that the lien of the United States was "inferior and subsequent" to that of the plaintiff. (Final Judgment Entry in Rem, p. 3.) The trial court's judgment entry also set forth the order of priority of payment as follows:

> FIRST: The costs herein payable to Montgomery County Clerk of Courts.
>
> SECOND: To the Treasurer of Montgomery County, the unpaid taxes, assessments, interest and penalties due and payable on said premises.
>
> THIRD: To [BankUnited], the sum of $73,908.09 plus interest thereon at the rate of 4.625% per annum from December 1, 2018, together with advances, if any.
>
> FOURTH: The balance, if any, to be deposited with the clerk, pending

---

[3] In *Tax Ease Ohio*, we explicitly rendered "no opinion" as to whether the property owner's denials in her answer were sufficient to "dispute" the validity of the United States' lien. *Id.* at ¶ 26.

further order.

(*Id.* at p. 4.)

**{¶ 17}** The same judgment entry further ordered that any "right, title, interest, lien, or claim" of the United States be "transferred to the proceeds derived from the sale of said premises and * * * paid according to its priority as shown on the preliminary judicial report[,][4] after the payment of costs * * *, taxes due and payable[,] and the amount * * * due [BankUnited]." (*Id.* at p. 3.) As in *Wood,* the United States will recover on its subordinate interest only if the amount realized from the sale of the subject real property exceeds the amount due BankUnited on its first mortgage and the sums due the other priority lienholders. *See Wood* at ¶ 33. Although the judgment entry at issue in *Wood,* like that here, provided that calculating the amount of the United States' lien was "continued until further order," we there concluded that "[i]f the United States of America disputes any amount it receives, it may appeal from the confirmation of sale." *Id.* The same remedy remains available to the United States in this matter. All that remains is " 'for the trial court to perform the ministerial task of calculating the final amounts that w[ill] arise during confirmation proceedings.' " *See Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, at ¶ 27, quoting *Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 20.

**{¶ 18}** Consistent with our decision in *Wood*, 2d Dist. Clark No. 2019-CA-46, 2020-Ohio-10, no issues remain to be determined regarding the rights and liabilities of the parties in this matter, and the foreclosure decree before us is a final appealable order.

---

[4] The preliminary judicial report likewise reflected that the mortgage interest acquired by BankUnited predated the United States' mortgage lien. (Preliminary Judicial Report filed on 5/13/19, p. 2.)

**Lowe's Challenge on Appeal**

**{¶ 19}** Lowe challenges on appeal the validity of the second mortgage benefitting the United States, claiming to have first become aware of that 2013 document in 2019 and denying that he received any of the funds that mortgage purports to secure. Lowe's appeal on that basis is not well taken.

**{¶ 20}** " 'It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed.' " *Tax Ease Ohio, LLC v. Lucas*, 2d Dist. Montgomery No. 27836, 2018-Ohio-3075, ¶ 6, quoting *State v. Schneider*, 2d Dist. Greene No. 95-CA-18, 1995 WL 737910, *1 (Dec. 13, 1995), citing *State v. Coleman*, 37 Ohio St.3d 286, 294, 525 N.E.2d 792 (1988). As Lowe failed to appear in the trial court and judgment was entered against him by default, he did not previously challenge the validity of the second mortgage, and he cannot do so by way of this appeal.

**{¶ 21}** Furthermore, the record contains nothing to substantiate Lowe's contention. To the contrary, the copy of the second mortgage attached to BankUnited's complaint appears to bear Lowe's signature, was witnessed before a notary public, and was properly recorded with the Montgomery County Recorder's office on December 18, 2013. That second mortgage was signed on November 14, 2013, apparently at the same time as the November 14, 2013 Loan Modification Agreement, which Lowe does not challenge. Both documents were witnessed by "Karl J. Zimmerman" and notarized by "Maria J. Cochran," and the signatures of William H. Lowe appear to be the same on both.

**Conclusion**

**{¶ 22}** For the foregoing reasons, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Phillip Barragate
William H. Lowe
Michele Phipps
Michael Downey
Hon. Timothy N. O'Connell