[Cite as *U.S. Bank Natl. Assn. v. Lawson*, 2023-Ohio-1517.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| Appellees | : | C.A. No. 29594 |
| | : | |
| v. | : | Trial Court Case No. 2019 CV 00392 |
| | : | |
| CINDY M. LAWSON, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on May 5, 2023

· · · · · · · · · · ·

MATTHEW J. RICHARDSON, Attorney for Appellee

CINDY M. LAWSON, Pro Se Appellant

· · · · · · · · · · · ·

EPLEY, J.

{¶ 1} Cindy M. Lawson appeals from a judgment of the Montgomery County Court of Common Pleas, which confirmed the sale of her foreclosed property.   For the following reasons, the trial court's judgment will be affirmed.

**I. Facts and Procedural History**

{¶ 2} Lawson was the owner of the residential property located at 5746 De Soto

Street. To purchase the home, Lawson borrowed $90,824 from Caliber Home Loans, Inc. She signed a note in that amount and executed a mortgage to secure payment. Caliber subsequently transferred its interest to U.S. Bank National Association.

{¶ 3} Lawson defaulted on her obligations under the note and mortgage. Her personal obligation on the loan was discharged in bankruptcy. On January 24, 2019, U.S. Bank filed an in rem proceeding, seeking to enforce its security interest. The bank asked for foreclosure of the property and a finding of default on the note in the principal amount of $85,566.63, plus interest, late charges, advances, costs and expenses.

{¶ 4} Lawson was served with the complaint, but she did not file an answer. On July 2, 2019, in response to a show cause order, the bank notified the trial court that it was in the process of reviewing a loss mitigation appeal request from Lawson, that the subject property was in a FEMA-declared disaster area with an expected moratorium end date of September 16, 2019, and that it was unable to proceed until the moratorium was lifted. The trial court stayed the proceedings. In late September, U.S. Bank requested that the case be reactivated, because the parties "were unable to reach an agreement for a foreclosure alternative to resolve the current dispute." After the trial court again issued a show cause order due to failure to prosecute, U.S. Bank indicated that it was reviewing a loss mitigation application from Lawson.

{¶ 5} Ultimately, U.S. Bank moved for a default judgment, and on January 22, 2020, the trial court granted a judgment and decree of foreclosure. The court found that the note and mortgage were in default and that the bank was owed a principal amount of $85,566.63, plus interest on the principal amount at the rate of 4.375% per annum from

May 1, 2018, and late charges and advancements. The court ordered the equity of redemption be foreclosed and the property sold. Lawson did not appeal the trial court's judgment.

{¶ 6} On March 27, 2020, in response to the COVID-19 pandemic, the federal government enacted the Coronavirus Aid Relief and Economic Security Act (CARES Act), which included a moratorium on foreclosures and offered borrowers an opportunity to temporarily suspend payment on their federally-backed or federally-owned mortgage loans. Where foreclosure proceedings had already been initiated, the CARES Act prevented lenders from seeking a foreclosure judgment or requesting a sale of the property. The foreclosure moratorium was initially set to expire on May 31, 2020, but it was extended several times and ultimately expired on July 31, 2021. It is unclear whether the moratorium applied to Lawson's mortgage loan.

{¶ 7} In April 2020, Lawson moved to stay the sheriff's sale. The trial court granted a stay of the sale through July 1, 2020. At that point, a sheriff's sale was scheduled for July 28, 2020. The July 2020 sale was cancelled, and no further action was taken in the case until August 2021, more than a year later.

{¶ 8} On August 4, 2021, Lawson again sought a stay of the sale of her home, citing ongoing medical issues and the COVID-19 pandemic. After the trial court denied the motion, Lawson sought relief from the foreclosure judgment under Civ.R. 60(B). That motion also was denied. Lawson did not appeal.

{¶ 9} The property was sold in a foreclosure auction in June 2022 for $131,300. Lawson filed a motion to stay confirmation of the sheriff's sale, arguing that she was

pursuing loss mitigation and mortgage assistance with U.S. Bank and that the bank told her that it would halt the sale while she pursued those processes. The trial court overruled the motion. On August 22, 2022, the trial court confirmed the sale and ordered distribution of the proceeds.

{¶ 10} Lawson appeals from the trial court's judgment.

## II. Confirmation of Sale

{¶ 11} Lawson, proceeding pro se, does not provide any assignments of error as required by App.R. 16(A), but she challenges the foreclosure of the De Soto property and its sale. She argues that the trial court failed to protect her civil liberties, civil rights, and due process rights, and overreached when denying her motions. Lawson states that she was granted rights for "loan modification consideration due to unemployment, living in a disaster area in May 2019 (tornados), and a moratorium imposed by the government related to a global pandemic." She also asserts that U.S. Bank engaged in bad faith negotiations and fraudulent conduct during the foreclosure and sale processes.

{¶ 12} In reply, U.S. Bank argues that Lawson's arguments do not relate to the confirmation of sale. It points out that any requested discovery would have occurred after the trial court entered its judgment and decree of foreclosure, and the trial court did not abuse its discretion in denying her motions when more than two years elapsed between the foreclosure judgment and the sale of the property.

{¶ 13} Before turning to the issues Lawson raises, we begin with a brief explanation of the two-step foreclosure process.

{¶ 14} The foreclosure process begins with a suit for foreclosure of the mortgage.

This action "constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more." *Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009-CA-12, 2011-Ohio-122, ¶ 28, quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947). The final judgment in a foreclosure proceeding "will determine the rights of all the parties in the premises sought to be foreclosed upon." *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 270, 533 N.E.2d 325 (1988); *U.S. Bank Natl. Assn. v. Conrad*, 2018-Ohio-994, 108 N.E.3d 1156, ¶ 15 (2d Dist.). Upon the entry of a judgment of foreclosure, the trial court must order the property to be sold. *Conrad* at ¶ 15, citing R.C. 2323.07. A judgment and decree of foreclosure is a final appealable order. *Id.* at ¶ 14.

{¶ 15} The second part of the process involves the sale of the property, culminating in a confirmation of sale and dispersal of the sale proceeds. *Conrad* at ¶ 14. "The primary purpose and goal of a foreclosure sale is to protect the interests of the mortgagor-debtor while, at the same time, ensuring that the secured creditors receive payment for unpaid debts." *Young* at ¶ 30. Prior to confirming the sale of the property, the trial court must determine that the sale of property was made, in all respects, in conformity with statutory requirements. R.C. 2329.31; *see CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40 ("The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law."). The court may stay confirmation of the sale "to permit a property owner time to redeem the property or for any other reason that it determines is

appropriate." R.C. 2329.31(A). An order confirming the sale of foreclosed property is also a final appealable order. *E.g., Conrad* at ¶ 14.

{¶ 16} Generally, we review a trial court's decision to confirm a judicial sale for an abuse of discretion. *Sutton Funding LLC. v. Herres*, 2d Dist. Montgomery No. 26530, 2015-Ohio-3609, ¶ 17. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} We find no abuse of discretion in the trial court's decision to confirm the sale. The sale of the property occurred well after the foreclosure moratorium expired, and Lawson has not identified any errors in the sale procedures. Lawson asserted in her July 2022 motion to stay confirmation of the sale that she was pursuing mortgage assistance and loss mitigation, but that had been occurring throughout the pendency of the case. Indeed, U.S. Bank notified the trial court in March 2019 that the parties had recently entered into a loss mitigation agreement. We find nothing in the record that required the trial court to stay the confirmation of the June 2022 sale, and the court did not abuse its discretion in failing to do so. The record does not support Lawson's claims that the trial court failed to protect her civil liberties and civil rights and violated her right to due process during the sale process. In addition, any issues related to the judgment and decree of foreclosure or the trial court's denial of Lawson's Civ.R. 60(B) motion are not properly before us, as they should have been raised in separate appeals from those judgments.

### III. Conclusion

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.