Zimmerman, J.
 

 So much of Section 11663-1, General Code, as may be pertinent to the pending case, reads as follows:
 

 “Any judgment for money rendered * # * upon any indebtedness, which is secured or evidenced by a mortgage * * * on real property * * * upon which real property' there has been located a dwelling * * * for not more than two families .which has beqn used in whole or in part as a home # * shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later.”
 

 As a preliminary to' the diseiission which follows, it is important to bear in mind that the statute by its express language applies only to a
 
 “judgment for money
 
 rendered * * * upon any indebtedness, which
 
 is
 
 secured or evidenced by a mortgage,” etc. (Italics ours.)
 

 The first question engaging our attention is whether the trust company secured a judgment for money prior.
 
 *538
 
 to the date it obtained the cognovit judgment on the note.
 

 From an examination of the answer and cross-petition filed by the trust company in the foreclosure action, it is apparent that the trust company did not ask for a money judgment against the Carrs. It is likewise clear from an examination of the decree rendered in the foreclosure action that the trust company obtained no more than a finding that it was entitled to a stated amount on account of its second mortgage, payable out of the proceeds of sale from the mortgaged premises.
 

 Furthermore, by reason of the quoted condition in the note given to the trust company by the Carrs, it is at least questionable whether it could have demanded or rightfully' secured a personal judgment for money against the Carrs until the expiration of three years from the date of the note.
 

 Investigation discloses that this court on several occasions has distinctly held that in a suit to foreclose a mortgage, where there is no prayer for a money judgment and none is rendered, a mere finding of an amount due, does not constitute a judgment for money.
 
 Myers
 
 v.
 
 Hewitt,
 
 16 Ohio, 449, 455;
 
 Moore, Admr.,
 
 v.
 
 Ogden,
 
 35 Ohio St., 430;
 
 Doyle
 
 v.
 
 West,
 
 60 Ohio St., 438, 54 N. E., 469; 27 Ohio Jurisprudence, 654, Section 473.
 

 The term “finding” ordinarily imports the ascertainment of a fact by a judge in a judicial proceeding, which ascertainment may form the basis for a subsequently rendered judgment. The term “judgment,” as defined by Section 11582, General Code, “is the final determination of the rights of the parties in action,’? and a judgment for money is one in which it is adjudged that a definite sum of money is
 
 payable by a party or parties to an action.
 

 
 *539
 
 Since there was no judgment for money in favor of the trust company in the foreclosure action and it received nothing on the indebtedness owed it, can it properly be said that the later cognovit judgment on the note assumed the aspects and character of a judgment for a deficiency as.that expression is generally accepted and understood? We think not. The very word “deficiency” denotes a lack, shortage or insufficiency and presupposes that a creditor has already realized some amount on his claim from the security held. Black’s Law Dictionary (3 Ed.), 543. The word ‘‘deficiency” is employed with that meaning in Section 11663-1, General Code, and comprehends receipt of a part of the indebtedness owed from a judicial sale of the mortgaged property.
 

 In the case of
 
 Bank of Douglas
 
 v.
 
 Neel,
 
 30 Ariz., 375, 381, 247 P., 132, 134, the court remarked in its opinion:
 

 ‘ ‘ Technically speaking, there is no such thing under our law as a ‘deficiency judgment’ in the sense that a formal judgment of that description is rendered by the-court, or entered by the clerk for the amount not made by the sale of the mortgaged property. There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist after the issuance and return of the special execution * * *. It has nevertheless been customary in ordinary parlance to refer to the amount still due after the return of the special execution as a ‘deficiency judgment’ * * L”
 

 There are other cases holding that the term “deficiency judgment” embraces a personal judgment rendered against a mortgagor and represents the mortgage debt remaining unsatisfied out of the proceeds of the sale of the mortgaged property; and that a “deficiency judgment” is the balance of personal indebtedness above the amount realized on the s,ale
 
 *540
 
 of the mortgaged property securing such indebtedness.
 
 Stretch v.
 
 Murphy, 166 Ore., 439, 446, 112 P. (2d), 1018, 1020;
 
 Phillips
 
 v.
 
 Union Central Life Ins. Co.
 
 (C. C. A. 8.), 88 F. (2d.), 188, 189.
 

 In the foreclosure suit against the Carrs, it was established only, so far as the trust company is- concerned, that it had a valid claim against the mortgaged premises, payable out of the proceeds from the sale thereof, if enough was realized from such sale.
 

 Although they may properly be joined, an action to foreclose a mortgage and an action for personal judgment on the note secured by such mortgage, are separate and distinct.
 

 An action in foreclosure constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more. 37-American Jurisprudence, 35, Section 533'.
 

 In the foreclosure action against the Carrs, the decree contained nothing which would have enabled the trust company to levy execution on any property of the Carrs, nor did the decree create a lien in favor of the trust company on any property belonging to them.
 

 Next, we come to the question whether the trust company’s action-on the promissory note was one on an indebtedness which
 
 is
 
 secured by a mortgage, within the purview of Section 11663-1, General Code. According to our understanding, a secured obligation is one which, when the time comes to enforce payment of the claim, has at least some existing security to which the creditor may look for his money.
 

 In analyzing Section 11663-1, General Code, it is apparent that it speaks as of the present; it says a judgment for money rendered on an indebtedness
 
 *541
 
 which
 
 is
 
 secured, not an indebtedness which
 
 is or has been
 
 secured. Certainly, the language used comprehends the time when an action is' brought and not the time of the execution of a note covering an indebtedness.
 

 Preceding the date the trust company brought suit on its note, the mortgaged premises had been sold by court order at the instance of the one holding the first mortgage. The trust company had nothing to do with instituting the foreclosure action and received nothing from the sale of the property. By the sale of the mortgaged premises, the security the trust company had held for its note completely vanished.
 

 Since Section 11663-1, General, Code, contemplates the present, it would seem logically to follow that at the time the trust company brought action on its note to obtain a money judgment, the indebtedness represented by such note was in fact unsecured.
 

 It has been held in a number of cases involving statutes bearing a similarity to Section 11663-1, General Code, that, where the security for an indebtedness is nonexistent at the time action is brought to collect the indebtedness, such statutes are without application.
 

 The case of
 
 Echikson
 
 v.
 
 Zalenski,
 
 106 N. J. Law, 508, 150 A., 335, was decided under a statute limiting proceedings to collect a “deficiency judgment” to six months from the date of the sale of the mortgaged premises. The court stated in its opinion:
 

 “The prior foreclosure proceedings wiped out the plaintiff’s mortgage, the plaintiff being a party defendant to that action.
 
 McCall
 
 v.
 
 Yard,
 
 9 N. J. Eq., 358. Since the mortgage was wiped out by the foreclosure proceedings, the plaintiff held his bond unsecured by collateral.
 
 Seigman
 
 v.
 
 Streeter,
 
 64 N. J. Law, 169 [44 A., 888].
 

 
 *542
 
 “ ‘Consequently our statute requiring
 
 the
 
 holder of a bond and mortgage to first exhaust his remedy on ■ the mortgage, before proceeding upon the bond, had no application at the time the judgment' in this case was entered. ’ ” (Citing cases.)
 

 In 2 Glenn on Mortgages, 878, Section 161, the comment is made :
 

 “But suppose there is no surplus at all, and thus the second mortgagee has no security, as demonstrated by the results that actually attended foreclosure of the first lien. Then, he is nothing but a general creditor to the full extent of his debt. * * # If, then, his security is actually worthless, the second mortgagee’s position is no different from that of a general creditor. Since these deficienpy judgment laws do not operate as a restriction upon general debts, it follows that they do not
 
 govern the
 
 second mortgagee, who is nothing but a general creditor under the circumstances. * * * The second mortgagee should have judgment for the full amount of his debt.” See Section 11663, General Code.
 

 ' If the General Assembly by the passage of Section 11663-1, General Code, meant to protect debtors in the situation of the Carrs, the language selected fails to accomplish that purpose.
 

 ' The statute in issue, being a special restriction of the general right to enforce contracts in the usual way, should not be so construed as to forbid an action not plainly prohibited by its provisions. In other words, the statute should not be extended and stretched by implication to preclude the assertion of a claim which in the absence of the statute would be enforceable.
 

 . In conclusion, we think the trust company has established the following propositions for which it contends :
 

 
 *543
 
 1. That its cognovit judgment was rendered on an' unsecured indebtedness.
 

 ■ 2. That Section 11663-1, General Code, does not appertain to a judgment on an indebtedness which is unsecured at the time judgment is rendered.
 

 3. That Section 11663-1, General Code, does not limit enforceability of a judgment for an indebtedness when such judgment is rendered after the property originally securing- such indebtedness has become wholly unavailable by reason of its previous sale to satisfy a senior claim.
 

 In interpreting this decision it .is important to bear in mind the peculiar facts of the case. We are dealing here with the holder of a second mortgage, which, in a foreclosure action instituted by the holder of the first mortgage, asked for and obtained no more than a finding of the amount owed it on account of its second mortgage, that- amount being payable entirely out of the proceeds derived from the sale of the mortgaged premises. However, the amount realized from such sale was not enough to give the second mortgagee anything, with the result that the security it had held was wiped out and the indebtedness owed it remained wholly unsatisfied. The second mortgagee .was awarded nothing in the foreclosure action which can properly be designated as a judgment for money, and the later money judgment it obtained on its promissory note did not constitute an attempt to collect a “deficiency,” because, as has already been pointed out, it got absolutely nothing out of the foreclosure proceeding and there was no “deficiency” as to it. Its position then became that of a general creditor to the full extent of the debt owed. Section 11663-1, General Code, in its wording, does not affect a situation of the kind described.
 

 The judgment of the Court of Appeals is therefore
 
 *544
 
 reversed and final judgment rendered for the trust company.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart and Stewart, JJ., concur. v
 

 Turner, Matthias and Sohngen, JJ., dissent.