BANK ONE DAYTON, N.A., Appellee,

v.

ELLINGTON et al., Appellants.

[Cite as *Bank One Dayton, N.A. v. Ellington* (1995), 105 Ohio App.3d 13.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14757.

Decided June 23, 1995.

**14**

*Joseph L. Heeter,* for appellee.

*Worrell A. Reid,* for appellants.

---

BROGAN, Judge.

The appellants, Constance L. Ellington, Charles L. Ellington and Nunhahda Foundation, Inc. ("Nunhahda"), appeal from a judgment of the Montgomery County Common Pleas Court, in which the court overruled their motion to vacate the court's confirmation of the foreclosure sale of the appellants' property and distribution of the sale proceeds. The appellants raise two assignments of error challenging the court's judgment on discretionary and due process grounds.

This case began on April 3, 1990, with appellee, Bank One of Dayton, N.A. ("bank"), filing a foreclosure complaint against the appellants.[1] The bank alleged that Constance Ellington executed a mortgage note in the amount of $136,000 on July 25, 1986 in favor of the bank. In the first count of the complaint the bank claimed that Constance Ellington had failed to pay the monthly principal and

---

1. Originally, the bank filed its complaint against Constance Ellington, her unknown spouse, and Nunhahda Foundation, Inc. The bank later amended its complaint to add, *inter alia*, Charles Ellington as a party defendant.

interest installments and owed $129,503. In the second count, the bank claimed that Constance Ellington had executed a mortgage deed in her capacity as President/Secretary of Nunhahda in order to secure the mortgage note, conveying real estate located at 7624 McLin Drive in Dayton, Ohio. Because of Constance Ellington's alleged default, the bank sought to have the mortgage foreclosed and the property sold to satisfy the unpaid balance on the note. The bank also sought recovery against Constance Ellington of the amount due it on the note.

After a trial before a referee, the referee recommended that judgment be entered in favor of the bank. Over the appellants' objections, the trial court agreed. It found the mortgage to be valid, ordered a marshalling of assets and directed that the property be sold. We affirmed the judgment of the trial court upon appeal in *Bank One Dayton, N.A. v. Ellington* (May 22, 1992), Montgomery App. No. 13149, unreported, 1992 WL 107828.

This appeal is concerned with the sale phase of this litigation. Beginning in December 1992, the trial court scheduled the sale of the property no fewer than six times. On the first four occasions, the property was withdrawn from sale because either Nunhahda or Charles Ellington filed petitions in federal bankruptcy court and were granted automatic stays of execution shortly before the sale dates. The bankruptcy court subsequently dismissed each petition or granted the bank's request for relief from the stay; the sale would then be rescheduled only to be met with another petition. On the fourth occasion, the bankruptcy court issued a restraining order preventing the appellants from filing any further petitions until the sale was completed.

On the fifth attempt, the property was sold to the appellee. However, the appellants moved for a reappraisal of the property. The trial court granted the motion and vacated the sale. Following reappraisal, the court scheduled the sale for the sixth time. This time, the property was sold to purchasers who are not parties to this appeal.

On July 12, 1994, the trial court confirmed the sale, finding that the transaction conformed to the law. On July 27, 1994, the appellants filed a motion to vacate the court's confirmation. They alleged that the mortgage deed was invalid, because it contained a defective acknowledgment. Furthermore, the appellants charged that pending bankruptcy actions prevented the sale. The trial court overruled the motion to vacate its confirmation. This timely appeal followed.

The appellants bring two assignments of error. Their first assignment states:

"The trial court's decision overruling appellants' motion to vacate was contrary to law and was an abuse of discretion because the mortgage was void and not subject to foreclosure under the facts of this case."

The appellants claim that the mortgage deed suffered from a defective acknowledgment because the acknowledgment did not separately name the mortgagor, Nunhahda Foundation, Inc. Therefore, the appellants argue that the mortgage deed was invalid under R.C. 5301.01 and not subject to foreclosure. The bank counters that the mortgage deed was valid because, although the mortgagor's name did not appear in the acknowledgment, the identity of the mortgagor was evident from the face of the document. Thus, the bank argues, there was substantial compliance with the statutory requirements. Moreover, the bank claims that the appellants have waived this issue, because they failed to raise it in their previous appeal of the trial court's judgment of foreclosure.

■ We need not reach the merits of this proposition because we agree with the bank's procedural argument. It is important to note what judgment the appellants challenge in this appeal. The appellants assign error to the trial court's judgment overruling their request to vacate its confirmation of the sale. They do not, nor could they, again challenge the trial court's judgment of foreclosure, in which it determined the mortgage deed to be valid. We affirmed that judgment, *Ellington, supra,* and our decision precludes the appellants from relitigating that issue under the doctrine of *res judicata.* See *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, at paragraph one of the syllabus.

■ When a court is faced with confirmation of a judicial sale, the mortgage deed is not at issue. Rather, the court must determine whether the sale was conducted in accordance with the law, specifically R.C. 2329.01 through 2329.61, inclusive. R.C. 2329.31; *Glendale Fed. Bank v. Brown* (Jan. 21, 1994), Montgomery App. No. 13976, unreported, 1994 WL 12475. Therefore, the time to raise potential defects with the mortgage instrument is when the validity of the instrument is before the court, *i.e.,* in the foreclosure action. See *Carr v. Home Owners Loan Corp.* (1947), 148 Ohio St. 533, 540, 36 O.O. 177, 180, 76 N.E.2d 389, 393 ("An action in foreclosure constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction * * *."). The appellants did not assert this issue in their appeal from the judgment of foreclosure, and they may not do so here.[2] We overrule their first assignment of error.

The appellants claim the following for their second assignment of error:

---

**2.** We note that the trial court did address the merits of the appellants' contention. Were we to reach the issue, we would agree with the trial court's conclusion.

"The trial court erred in overruling appellants' motion to vacate [its] confirmation entry where the record clearly demonstrated that appellants were not given notice of the time and place of the foreclosure sale."

The appellants claim that their due process rights were violated because they were not given actual notice of the impending foreclosure sale.

The appellants did not raise this issue at the trial court level. "[A]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Accord *Olbrich v. Shelby Mut. Ins. Co.* (1983), 13 Ohio App.3d 423, 426, 13 OBR 510, 513–514, 469 N.E.2d 892, 896. We disagree with the appellants' contention that this issue raises fundamental error and thereby may be addressed for the first time on appeal. The appellants waived this issue when they failed to notify the trial court of the potential error. We overrule the appellants' second assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.