[Cite as *United Guar. Residential Ins. Co. of N. Carolina v. Hall*, 2019-Ohio-3593.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA | : | |
| | : | |
| | : | Appellate Case No. 28372 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2018-CV-3378 |
| | : | |
| v. | : | |
| | : | (Civil Appeal from |
| STEPHANIE HALL | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2019.

. . . . . . . . . .

RACHEL J. MASON, Atty. Reg. No. 0076645, J. BLAKE THOMAS, Atty. Reg. No. 0082821, and JOSEPH M. RUWE, Atty. Reg. No. 0070141, P.O. Box 498367, Cincinnati, Ohio 45249
      Attorneys for Plaintiff-Appellee

STEPHANIE HALL, 3817 Marshall Road, Kettering, Ohio 45429
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Stephanie Hall appeals pro se from the trial court's entry of summary judgment against her on appellee United Guaranty Residential Insurance Company of North Carolina's complaint to collect on a mortgage-related debt.

{¶ 2} In her sole assignment of error, Hall contends the trial court erred in entering summary judgment against her on the debt. She argues that United Guaranty was named as a party in a 2011 foreclosure action related to her mortgage debt, that United Guaranty chose not to respond in the foreclosure action (which was filed by another lender), and that United Guaranty was in default. Hall asserts that R.C. 2329.08 precludes United Guaranty from obtaining a judgment against her now because more than two years have passed since the foreclosure action.

{¶ 3} The record reflects that United Guaranty filed its complaint against Hall in July 2018, seeking a judgment of $21,944.31 plus interest, which represented the amount allegedly due under a lending agreement. (Doc. # 1). Accompanying the complaint were a 2006 promissory note signed by Hall and a 2010 assignment of that note to United Guaranty. The note stated that it was secured by a second mortgage on real estate located at 5950 Algoma Street in Dayton, Ohio. Hall filed a pro se answer in which she asserted that the note held by United Guaranty had been paid off during a refinancing. (Doc. # 20). In answers to interrogatories, Hall later asserted that United Guaranty had received $1,000 to "settle" her debt on the promissory note during a sheriff's sale of her home. (Doc. # 27).

{¶ 4} United Guaranty moved for summary judgment in February 2019. (Doc. # 30). Accompanying the motion were an affidavit and supporting documentation detailing the history of Hall's loans, United Guaranty's promissory note and second mortgage, and

the sale of her home through a sheriff's sale. United Guaranty's evidence showed that Wells Fargo, the first mortgage holder, filed a February 2010 foreclosure action against Hall and others seeking to foreclose on the Algoma Street property. The Mortgage Electronic Registration System, Inc. ("MERS") was joined in the foreclosure action, acting solely as the nominee of the holder of the second mortgage that secured United Guaranty's note, but MERS did not appear and was found in default. United Guaranty's evidence showed that the real estate was purchased by Wells Fargo at a January 2011 sheriff's sale, and the second mortgage securing United Guaranty's note was discharged. United Guaranty presented evidence that neither it nor its predecessors in interest received any money due to the sheriff's sale or Wells Fargo's foreclosure action. United Guaranty also presented evidence that it never had refinanced the debt represented by Hall's promissory note and that it had no knowledge of any prior holders of the note ever refinancing it.

{¶ 5} In response to the summary judgment motion, Hall appeared to acknowledge that the promissory note held by United Guaranty had not been refinanced out of existence. (Doc. #32 at 2). But she still claimed to have been "told" by someone that United Guaranty's predecessor in interest would receive $1,000 to settle the debt. Hall suggested that United Guaranty should contact Wells Fargo to receive any additional money owed.

{¶ 6} On April 5, 2019, the trial court filed an entry awarding United Guaranty summary judgment on its complaint. (Doc. # 39). This appeal followed.

{¶ 7} Hall's single assignment of error states: "The trial court abused its discretion by granting the Appellee a Summary Judgment even though in 2011 Appellee was

included in the foreclosure, and chose not to respond and as a result was in default EXHIBIT C. It has been more than two years O.R.C. 2329.08."

{¶ 8} Hall's entire substantive argument is as follows:

The trial court erred by granting Appellee summary judgment. Appellee was included doing [sic] the foreclosure process in 2011, but chose not to respond. Therefore, being barred from any claim. Seven years later Appellee filed for summery [sic] judgment and was granted the judgment. The statute of limitations for recovery of a deficienct [sic] balance relating to a mortgage foreclosure is two years (2), according to O.R.cC. [sic] 2329.08, and summary judgment should not have been granted.

(Appellant's brief at 5).

{¶ 9} Upon review, we find Hall's argument to be unpersuasive. At the time of the foreclosure action, Wells Fargo held a promissory note and a first mortgage on the property at 5950 Algoma Street. An entity known as Intervale Mortgage Corporation held a second promissory note and a second mortgage. MERS was joined in the foreclosure action in its capacity as nominee of the holder of the second mortgage. As set forth above, MERS never entered an appearance. As a result, MERS was found in default and the second mortgage held by Intervale Mortgage Corporation was discharged. Intervale's second promissory note, however, was not involved in Wells Fargo's foreclosure action on the first note and first mortgage. Intervale was never made a party to the foreclosure action for purposes of its promissory note. Intervale never obtained any judgment on its promissory note. Nor was the debt represented by the note ever paid, satisfied, or cancelled. This second promissory note is the one that ultimately was assigned to United

Guaranty. Contrary to Hall's argument below about having been "told" by someone that United Guaranty received $1,000 to settle that debt, United Guaranty presented uncontroverted evidence that neither it nor its predecessors in interest ever received any money as a result of the foreclosure action. United Guaranty presented a copy of the order confirming the sheriff's sale and distributing the proceeds. (Doc. # 30 at Exh. G). The order demonstrated that none of the proceeds went to Intervale Mortgage Corporation. United Guaranty also presented an affidavit from Terry Vernon, its senior legal action specialist. He averred that "[n]o distribution of any kind was ever received by the United Guaranty or United Guaranty's predecessors in interest, due to the sale of the real estate in the Wells Fargo foreclosure." (*Id.* at Vernon affidavit ¶ 4). Therefore, we are unpersuaded by Hall's argument that Wells Fargo's foreclosure action precludes United Guaranty from obtaining a judgment on its promissory note.

{¶ 10} Finally, we find Hall's reliance on R.C. 2329.08 unpersuasive for two reasons. First, she never cited the statute below or asked the trial court to find United Guaranty's complaint barred by a two-year statute of limitation. Therefore, we are limited to plain-error review. Plain error in civil cases is defined as error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Civil plain error is applied "only in the extremely rare case[.]" *Id.*

{¶ 11} The trial court's failure to find United Guaranty's complaint barred by R.C. 2329.08 is not plain error. The statute provides in relevant part:

Any judgment for money rendered in a court of record in this state

upon any indebtedness which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein * * * shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment. * * *

{¶ 12} The foregoing language places a two-year time limit on enforcing a judgment after confirmation of a judicial sale of property. It explicitly applies to a judgment on a debt secured by a mortgage. It applies when the judgment is obtained before a judicial sale, and it imposes a time limit for enforcing the judgment on any deficiency that exists after the sale.

{¶ 13} Here neither United Guaranty nor its predecessors in interest obtained a judgment on the promissory note at issue prior to the judicial sale. As set forth above, the holder of the note at the time of Wells Fargo's foreclosure action was Intervale Mortgage Corporation, which was not made a party to the foreclosure action for purposes of its promissory note and did not obtain a judgment on the note. Because Intervale Mortgage Corporation did not obtain a money judgment on a debt secured by a mortgage prior to a judicial sale that left a deficiency owed, R.C. 2329.08 does not apply.

{¶ 14} The Ohio Supreme Court reached the same conclusion on similar facts in *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 76 N.E.2d 389 (1947), which involved a predecessor statute to R.C. 2329.08 containing the same language. In that case, the Home Owners Loan Corporation held a first mortgage on the borrowers' residence and brought a foreclosure action. The complaint named as an additional

defendant the Cleveland Trust Company, which held a second mortgage. The Cleveland Trust Company did not ask for foreclosure and made no request for a money judgment on the promissory note it held. In its foreclosure decree, the trial court "made a finding for the trust company on its mortgage, but rendered no money judgment in its favor." *Id.* at 535. Following a sheriff's sale of the property, the Cleveland Trust Company obtained a judgment against the borrowers on its promissory note in a separate action. When the Cleveland Trust Company tried to execute on the judgment, the borrowers claimed that the foreclosure action had fully and finally resolved everything. *Id.* at 534-536. Eventually, the Eighth District Court of Appeals held that the "finding" in favor of the Cleveland Trust Company on its second mortgage in the foreclosure proceeding constituted a "judgment" under G.C. 11663-1, which imposed a two-year time limit after confirmation of a judicial sale in a foreclosure action to enforce a deficiency judgment. *Id.* at 537. On further review, the Ohio Supreme Court reversed. It noted that the Cleveland Trust Company did not obtain a money judgment in the foreclosure proceeding and, therefore, that it did not have a "deficiency" judgment within the meaning of the statute. *Id.* at 538-539. The Ohio Supreme Court also noted that, when the Cleveland Trust Company subsequently did obtain a judgment, the borrowers' indebtedness no longer was secured by a mortgage. *Id.* at 540-541. The majority found the statute inapplicable for this additional reason as well. *Id.* It explained:

> In interpreting this decision it is important to bear in mind the peculiar facts of the case. We are dealing here with the holder of a second mortgage, which, in a foreclosure action instituted by the holder of the first mortgage, asked for and obtained no more than a finding of the amount owed it on

account of its second mortgage, that amount being payable entirely out of the proceeds derived from the sale of the mortgaged premises. However, the amount realized from such sale was not enough to give the second mortgagee anything, with the result that the security it had held was wiped out and the indebtedness owed it remained wholly unsatisfied. The second mortgagee was awarded nothing in the foreclosure action which can properly be designated as a judgment for money, and the later money judgment it obtained on its promissory note did not constitute an attempt to collect a "deficiency," because, as has already been pointed out, it got absolutely nothing out of the foreclosure proceeding and there was no "deficiency" as to it. Its position then became that of a general creditor to the full extent of the debt owed. Section 11663–1, General Code, in its wording, does not affect a situation of the kind described.

*Id.* at 543.

{¶ 15} Relying on the Ohio Supreme Court's opinion in *Carr*, the Ninth District reached a similar result in *First Union Mtge. Corp. v. Caverly*, 9th Dist. Summit No. 19826, 2000 WL 296084 (March 22, 2000). The Ninth District held that R.C. 2329.08 did not preclude the holder of a second mortgage from obtaining and enforcing a judgment it obtained on a promissory note after a first mortgage holder had foreclosed on the borrowers' property, which was sold at a sheriff's sale. The Ninth District reasoned:

In this case, the trial court granted a judgment of foreclosure to First Union. First National did not seek a judgment against the appellants, and the trial court's judgment did no more than set forth the amount of First

National's lien and a determination of its priority. This did not constitute a judgment in favor of First National. * * * By its claim in the subsequent litigation, First National attempted to recover the amount due on an outstanding mortgage note. That claim did not seek to recover the unpaid portion of a judgment in which the judicial sale yielded insufficient proceeds. The appellants' argument that First National's efforts to collect a judgment more than two years after the Sheriff's sale are barred by R.C. 2329.08 must fail because there was no judgment in favor of First National in this case.

*Id.* at *2.

{¶ 16} Based on our review of R.C. 2329.08, and consistent with the reasoning in *Carr* and *First Union*, we hold that the trial court did not commit plain error in failing to find United Guaranty's complaint barred by the statute.

{¶ 17} Hall's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Rachel J. Mason
J. Blake Thomas
Joseph M. Ruwe
Stephanie Hall
Hon. Mary Katherine Huffman