[Cite as *Chemical Bank v. Capone*, 2020-Ohio-6790.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| CHEMICAL BANK | | C.A. No. 19CA0079-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HOWARD P. CAPONE, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 17CIV0850 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Howard Capone, appeals the decision of the Medina County Court of Common Pleas denying his motion to vacate judgment and/or for relief from judgment. For the reasons that follow, this Court dismisses the attempted appeal as moot.

I.

{¶2} On August 31, 2017, Plaintiff-Appellee, Chemical Bank, filed a complaint for money due and foreclosure concerning the property that is the subject of this dispute: 3465 Ridgewood Rd., Medina, OH 44256 (the "Property"). The complaint originally named as defendants: Howard P. Capone, the Unknown Spouse, if any, of Howard P. Capone, Robert P. Capone, Myra C. Capone, Rustic Hills Property Owners Association, and the Medina County Treasurer. With leave of court, Chemical Bank later added Robert's heirs, known and unknown, as defendants.

{¶3} Chemical Bank filed its motion for summary judgment on December 8, 2017, and, on September 10, 2018, moved for default judgment against Myra, Robert, Robert's heirs, known and unknown, the Unknown Spouse, if any, of Howard, and Rustic Hills Property Owner Association. The trial court scheduled a non-oral hearing on October 1, 2018, for Chemical Bank's motion for summary judgment and motion for default judgment and set a deadline for any responsive briefing prior to the non-oral hearing.

{¶4} On October 3, 2018, the trial court granted Chemical Bank's motion for summary judgment, and motion for default judgment. The trial court found the amount owing on the promissory note totaled $177,644.74, plus interest and late charges, and entered judgment in favor of Chemical Bank and against defendants Howard and Robert. The trial court further found that the note had been secured by a mortgage, the conditions of which had been broken, and decreed that Chemical Bank was entitled to have the equity of redemption of all defendants named in the action and to the Property foreclosed.

{¶5} Chemical Bank purchased the Property at the March 14, 2019 sheriff sale. On April 19, 2019, the trial court issued its judgment entry confirming the sale of the Property and ordering the sheriff to convey the deed to the Property to the purchaser. The trial court further ordered the Sheriff to distribute the proceeds of the sale—amounting to $126,667.00—in the order of priority stated in the entry, with the balance of $120,318.05 to be applied to Chemical Bank's judgment on the promissory note.

{¶6} On May 21, 2019, Chemical Bank filed a praecipe to the clerk of courts to issue a writ of possession to the Medina County Sheriff to evict Howard, "all of his family and all of their possessions, and/or any other party or parties claiming through or under him from" the Property. Howard filed a motion to vacate judgment and/or for relief from judgment on July 19, 2019. In

the motion, Howard argued that the trial court lacked jurisdiction to enter judgment due to an alleged failure of service on Howard and other named defendants. Howard also moved the trial court to stay execution of the writ of possession set to be executed on July 23, 2019. The trial court granted Howard's motion to stay the execution of the writ and scheduled a non-oral hearing on the motion for relief from judgment.

{¶7} The trial court issued its decision denying Howard's motion to vacate on October 23, 2019, finding that Howard did not have standing to challenge the effectiveness of service on Robert and Myra and further found that they were, in any event, served by "residence service on September 7, 2019 and by certified mail on September 9, 2017." The trial court also found that Howard was properly served and then filed an answer to the complaint. The trial court concluded that Howard failed to rebut the presumption of service and overruled the motion to vacate judgment. Further, the trial court ordered that Chemical Bank "may request that a [w]rit of [p]ossession issue and have said writ executed on [Chemical Bank's] behalf."

{¶8} Howard filed a motion for reconsideration on November 18, 2019, which the trial court did not rule on[1] prior to Howard's timely filing of his November 21, 2019 notice of appeal of the trial court's October 23, 2019 decision overruling his motion to vacate judgment and/or for relief from judgment. Howard raises a single assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in denying [Howard]'s motion to vacate judgment and []for reconsideration.**

---

[1] On appeal, Howard filed a motion, which this Court denied on the basis of *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), paragraph one of the syllabus, requesting a remand for the trial court to rule on his motion for reconsideration.

{¶9} In his sole assignment of error, Howard argues that defendant Myra Capone was never properly served with summons and a copy of the complaint and that the trial court erred when it found that Howard lacked standing to challenge the trial court's personal jurisdiction over Myra.

{¶10} "Initially, this Court must determine whether this appeal is properly before us" because appellate courts "will not review questions that do not involve live controversies." *Bankers Tr. Co. of California v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "Thus, an action must be dismissed as moot unless it appears that a live controversy exists." *Id*. citing *Lorain Cty. Bd. of Commrs. v. U.S. Fire Ins. Co.*, 81 Ohio App.3d 263, 266–67 (9th Dist.1992). Because this Court concludes that the judgment in this matter has been satisfied and the appeal is moot, we do not reach the merits of Howard's appeal.

{¶11} "In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Tutin* at ¶ 16. Satisfaction of judgment in a foreclosure case "occurs when the subject property has been sold and the proceeds of the sheriff's sale have been distributed." *Bayview Loan Servicing v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7.

{¶12} Here, the trial court entered judgment on the note in favor of Chemical Bank and issued a decree of foreclosure on October 3, 2018. The trial court's April 19, 2019 judgment entry confirmed the sale of the Property and distributed the proceeds of that sale. Because the April 19, 2019 judgment entry establishes that "the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical

effect upon the issues raised by the pleadings." *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 21. It is a "well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990).

{¶13} The Supreme Court of Ohio has recognized only two exceptions to the mootness doctrine: first, "[a] case is not moot if the issues are capable of repetition, yet evading review[,]" and second, "a court may review a case if it involves a matter of public or great general interest." (Internal citations and quotations omitted.) *MTGLQ Inv'rs, L.P. v. Wagner*, 9th Dist. Summit No. 29079, 2019-Ohio-1741, ¶ 9, quoting *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus. This Court observes that neither of the exceptions to the doctrine of mootness apply under the present circumstances. Because judgment has been satisfied in this case, and "there is no live controversy before this Court, the attempted appeal is dismissed as moot." *Id.* at ¶ 12, quoting *Aurora Loan Servs. v. Kahook*, 9th Dist. Summit No. 24415, 2009-Ohio-2997, ¶ 7.

III.

{¶14} The attempted appeal is dismissed for mootness.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIEL L. MCGOOKEY, Attorney at Law, for Appellant.

ERIC T. DEIGHTON, Attorney at Law, for Appellee.