[Cite as *Summit Ridge Condominium Assn., Inc. v. Ewing*, 2021-Ohio-1839.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| SUMMIT RIDGE CONDOMINIUM ASSOCIATION, INC. | : | |
| | : | |
| | : | Appellate Case No. 2020-CA-26 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2011-CV-328 |
| v. | : | 2019-CJ-654 |
| | : | 2020-EX-24 |
| JAMES E. EWING, III | : | |
| | : | (Civil Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of May, 2021.

. . . . . . . . . . .

DARCY MEHLING GOOD, Atty. Reg. No. 0068249 and MAGDALENA MYERS, Atty. Reg. No. 0087846, 11311 Cornell Park Drive, Suite 220, Cincinnati, Ohio 45242 and MICHELLE L. POLLY-MURPHY, Atty. Reg. No. 0072091, 731 Fife Avenue, Wilmington, Ohio 45177
        Attorneys for Plaintiff-Appellee

WILLIAM D. BELL, SR., Atty. Reg. No. 0027596, 2368 Victory Parkway, Suite 110, Cincinnati, Ohio 45206
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Defendant-appellant James E. Ewing, III, appeals from the trial court's denial of his request to release an order of garnishment. Plaintiff-appellee Summit Ridge Condominium Association, Inc. obtained the garnishment order in an attempt to collect on a judgment entered in 2015 in a foreclosure action. Ewing contends that collection of the debt is barred by R.C. 2329.08, which makes a deficiency judgment on a debt secured by a mortgage or "other instrument in the nature of a mortgage" unenforceable after two years from the judicial sale of the property. We conclude that the statute does not apply because Ewing's debt to Summit Ridge was secured by a statutory lien, not a mortgage. We therefore affirm.

## I. Factual and Procedural Background

**{¶ 2}** Summit Ridge is a condominium unit owners association under Ohio law, which administers the condominium units owned by Summit Ridge Condominiums in Beavercreek, Ohio. In 2006, Ewing separately took out a home mortgage and purchased one of these units. By virtue of being a unit owner, he became a member of the unit owners association and subject to the association's governing documents, including the Declaration of Condominium Ownership. The declaration provided that certain expenses common to all unit owners (e.g., costs of the administration, operation, maintenance, repair, and replacement of common elements) were charged to the unit owners.

**{¶ 3}** Ewing soon fell behind paying his share of the common expenses, and in July 2007, Summit Ridge placed a lien against Ewing's property to secure payment of the unpaid assessments. Almost four years later, in April 2011, Summit Ridge filed a foreclosure action seeking to foreclose on its lien. The separate and independent

mortgage holder filed a cross-claim seeking foreclosure of its first mortgage interest on the property. On March 5, 2015, the trial court entered a judgment and decree of foreclosure for the mortgage holder, finding that Ewing owed it a little over $131,300. In the judgment, the court noted that Summit Ridge's interest in the property was junior in priority to the mortgage holder's interest. The court ordered that the property be sold at a sheriff's sale and that the proceeds be paid to the Clerk of Courts, the county treasurer, and the mortgage holder. The same day, the trial court also entered a personal judgment against Ewing in favor of Summit Ridge, awarding it roughly $44,000 for unpaid assessments and attorney fees and costs.

{¶ 4} Ewing's condo was sold at a sheriff's sale for $115,000. In September 2015, the trial court entered an order confirming the sale and distributing the proceeds to the mortgage holder and others. None of the proceeds went to Summit Ridge. The court also released Summit Ridge's lien.

{¶ 5} Just over four years later, in December 2019, Summit Ridge obtained a certificate of judgment lien based on the 2015 personal judgment, and in March 2020, Summit Ridge obtained a garnishment order against Ewing. Ewing asked the trial court to release the garnishment order, arguing that Summit Ridge's attempt to collect on the 2015 judgment was barred by the two-year statute of limitations in R.C. 2329.08. On June 11, 2020, the trial court denied Ewing's request for release, concluding that the statute of limitations did not apply because Summit Ridge's judgment was not on a debt secured by a mortgage.

{¶ 6} Ewing appeals.

## II. Analysis

{¶ 7} Ewing assigns two errors to the trial court:

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE CERTIFICATE OF LIEN WAS NOT AN INSTRUMENT IN THE NATURE OF A MORTGAGE PURSUANT TO SECTION 2329.08 OF THE OHIO REVISED CODE.

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE GARNISHMENT WAS NOT BARRED BY SECTION 2329.08 OF THE OHIO REVISED CODE.

{¶ 8} The statute at issue here, R.C. 2329.08, pertinently provides:

Any judgment for money rendered in a court of record in this state upon any indebtedness which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein * * * shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment.

{¶ 9} The trial court here concluded that the statute did not apply because the 2015 judgment in favor of Summit Ridge was not a judgment on a debt secured by a mortgage. Ewing implicitly concedes this but argues that Summit Ridge's foreclosed-upon lien constituted an "other instrument in the nature of a mortgage."

{¶ 10} The Ohio Supreme Court has said that R.C. 2329.08 "is in effect a statute of limitation upon the life of a deficiency judgment arising from the foreclosure of a mortgage on real property[.]" *Lash v. Mann*, 141 Ohio St. 577, 49 N.E.2d 689 (1943),

syllabus (referring to a predecessor statute to R.C. 2329.08 containing the same language). We have similarly explained that the language of the statute "places a two-year time limit on enforcing a judgment after confirmation of a judicial sale of property. It explicitly applies to a judgment on a debt secured by a mortgage. It applies when the judgment is obtained before a judicial sale, and it imposes a time limit for enforcing the judgment on any deficiency that exists after the sale." *United Guar. Residential Ins. Co. v. Hall*, 2d Dist. Montgomery No. 28372, 2019-Ohio-3593, ¶ 12. That is about the extent of what the caselaw has to say about R.C. 2329.08. There are few cases interpreting or applying the statutory language.

{¶ 11} We conclude that R.C. 2329.08 does not apply in this case, because the 2015 judgment was not entered on a debt secured by an "other instrument in the nature of a mortgage." By statute, if a condo owner fails to pay assessments, the unit owners association may place a lien on the condo, and the lien "may be foreclosed in the same manner as a mortgage on real property in an action." R.C. 5311.18(B)(1); *see also Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, CA2014-09-118, 2015-Ohio-4821, ¶ 18 (stating that "[a] lien on real property for payment of a debt is a right to have the debt satisfied out of the land, if not otherwise paid"). So Ewing's debt to Summit Ridge was secured by a statutory lien—involuntary and nonconsensual—placed on the property because he failed to pay assessments. But a mortgage is based on an agreement—voluntary and consensual—executed by a property owner pledging the property for a debt. *See Cotterell v. Long*, 20 Ohio 464 (1851), syllabus ("If a contract for the conveyance of land be intended as security for a debt, it is a mortgage, whatever may be its form or the name

given it by the parties.").

**{¶ 12}** Moreover, Summit Ridge did not receive any of the proceeds from the sale of Ewing's condo; the entire amount went to creditors with superior liens. The Ohio Supreme Court's decision in *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 76 N.E.2d 389 (1947), a case involving a predecessor statute containing the same language as R.C. 2329.08, indicates that the statute should not apply in cases where a junior priority lien was secured by property judicially sold and the proceeds used entirely to satisfy a superior lien. The Court said in *Carr* that "[t]he expression, 'any deficiency remaining due thereon,' * * * presupposes that a judgment creditor has realized on his judgment some amount from a judicial sale of the real property which secured the indebtedness owed him." *Id.* at paragraph three of the syllabus. Accordingly, the statute "does not limit enforceability of a judgment for an indebtedness when such judgment is rendered after the property originally securing such indebtedness has become wholly unavailable by reason of its previous sale to satisfy a senior claim." *Id.* at 543. The court held that the statutory restriction "represents a special restriction on the general right to enforce satisfaction of an indebtedness in the usual way and, therefore, should not be extended by implication to deny that right." *Id.* at paragraph four of the syllabus.

### III. Conclusion

**{¶ 13}** The debt awarded by the 2015 judgment was not secured by an "other instrument in the nature of a mortgage." Therefore, R.C. 2329.08 does not bar Summit Ridge's attempt to collect on that judgment. Both assignments of error are overruled.

**{¶ 14}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Darcy Mehling Good
Magdalena Myers
Michelle L. Polly-Murphy
William D. Bell, Sr.
Hon. Michael A. Buckwalter