[Cite as *Bankers Guar. Title & Trust Co. v. Moyer*, 2021-Ohio-4058.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| THE BANKERS GUARANTEE TITLE AND TRUST COMPANY, | CASE NO. 2021-L-029 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| JAMES MOYER a.k.a. JAMES MICHAEL MOYER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EDWARD EMIL WILLIAM MOYER, et al., | Trial Court No. 2019 CF 001147 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: November 15, 2021
Judgment: Affirmed

*Eric T. Deighton,* Carlisle, McNellie, Rini, Kramer & Ulrich Co., LPA, 24755 Chagrin Boulevard, Suite 200, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Ralph C. Megargel,* Megargel, Eskridge & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, James Moyer, individually and as administrator of the estate of Edward Emil William Moyer, appeals the grant of summary judgment in favor of plaintiff-appellee, Bankers Guarantee Title and Trust Company, on its Complaint for Foreclosure filed on the promissory note and mortgage of decedent Edward Moyer.  For

the following reasons, we affirm the decision of the court below.

{¶2} On July 20, 2019, Bankers Guarantee filed its Complaint for Foreclosure, alleging that it was the holder of a promissory note secured by a mortgage that was in default.

{¶3} On November 4, 2019, Bankers Guarantee filed its Motion for Summary Judgment.

{¶4} On January 21, 2020, Moyer filed a Reply to the Motion for Summary Judgment supported by the Affidavit of James Moyer. He averred that he was Administrator of the Estate of Edward Moyer which included real property encumbered by a promissory note and mortgage held by Bankers Guarantee. In March 2019, Bankers Guarantee presented its claim against the estate, and, in June, Moyer rejected that claim. On September 19, 2019, Moyer had the Lake County Probate Court issue the following Judgment Entry in *In re Estate of Moyer*, Case No. 18 ES 1503:

> The Probate Court of Lake County, Ohio, finds that:
>
> 1.) The Estate of Edward Emil William Moyer, in accordance with ORC 2117.11, barred in full, on June 28, 2019, the claim of the Bankers Trust and Guarantee Company [sic], consisting of a securitized promissory note executed by Edward Moyer on June 21, 2013, a June 20, 2019 unpaid remaining balance on said note of $76,534.73, and its security instrument ("mortgage") on file with the Lake County Recorder's office (record #2013R019701) whose security is the property at 1121 Cherokee Trail, Willoughby, Ohio.
>
> 2.) That under Ohio law (ORC 2117.12) the claimant had two months to take action on the barred claim, otherwise the claim would be forever barred.
>
> 3.) And in the two months from June 28, the Claimant did not dispute the barring, its reasoning or its justice.
>
> THEREFORE, this court finds that the aforementioned claim is

2

> ~~forever barred~~ *barred as a claim against the estate pursuant to Chapter 2117 of the Ohio Revised Code.*[1]

Moyer argued in opposition to granting summary judgment that Bankers Guarantee "is forever barred from maintaining an action on the entire claim, including both the Note and Mortgage," by operation of R.C. 2117.12.

{¶5} On January 29, 2021, the trial court granted Bankers Guarantee's Motion for Summary Judgment based on the following:

> The affidavit of Tymara Ehrler, a custodian of plaintiff Bankers Guarantee's records established that it possessed the promissory note and was entitled to enforce the mortgage when the complaint was filed, that the mortgagor was in default as of March 2019, that all conditions precedent under the note and mortgage were met, and that there is due on the note $75,926.27 together with 3.875% per annum interest from February 1, 2019. A copy of the mortgage attached to the affidavit established that Bankers Guarantee was the original mortgagee and that the mortgage was never assigned or transferred. The preliminary judicial report accompanying the complaint also confirmed this.

{¶6} On February 25, 2021, Moyer filed a Notice of Appeal. On appeal, he raises the following assignment of error:

{¶7} "[1.] The trial court's decision that Bankers was entitled to foreclosure on the mortgage because decedent was in default of the terms of the note was contrary to law where the note was barred as a debt against decedent's estate and heirs by judgment of the probate court and operation of law."

{¶8} Before considering the merits of the appeal, it is necessary to address Bankers Guarantee's argument that, since the subject property has been sold at sheriff's sale and an order confirming sale has issued, the appeal is now moot. *Chemical Bank v.*

---

1. The italicized portion of the Entry is hand-written.

Case No. 2021-L-029

*Capone*, 9th Dist. Medina No. 19CA0079-M, 2020-Ohio-6790, ¶ 10-11. The Ohio Supreme Court has stated the matter as follows: "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). "'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'" (Citation omitted.) *Id.*

{¶9} Moyer responds by citing the following statutory provision:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor.

R.C. 2329.45.

{¶10} "Some courts," but not all, "have carved out narrow exceptions to this precedent [that satisfaction of the judgment renders the appeal moot], recognizing that even where a stay was not obtained, 'R.C. 2329.45 preserves the remedy of restitution, even after the property has been sold at sheriff's sale and the proceeds distributed.'" (Citation omitted.) *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885, ¶ 29. In holding that such appeals were not moot, this court provided the following justifications:

> In *Ameriquest* [*Mtge. Co. v. Wilson*, 11th Dist. Ashtabula No. 2006-A-0032, 2007-Ohio-2576,] this court held that restitution was appropriate where the debtor filed for a stay, but was unsuccessful due to his inability to post a supersedeas bond. [*Id.*] at ¶ 19, citing *Chase Manhattan* [*Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665,] ¶ 44. The Sixth District Court of Appeals

4

has also held that satisfaction of the judgment under those circumstances is involuntary, and therefore the appeal is not moot. *MIF Realty L.P. v. K.E.J. Corp.*, 6th Dist. Wood No. 94WD059, 1995 WL 311365, *2 (May 19, 1995). In *Everhome* [*Mgte. Co. v. Baker*, 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303,] the Tenth District addressed the mootness doctrine and stated: "It is a suspect argument to assert that a void, voidable, or merely erroneous judgment might evade appellate review simply because it was rendered rapidly, completely, and without notice. * * * [S]uch a holding would allow no recourse in a case which a foreclosure action proceeded, completely in error[.]" [*Id.*] at ¶ 14.

*Id.* at ¶ 30.

{¶11} Moyer's reliance on R.C. 2329.45 is sufficient to demonstrate the existence of a remedy so that the present appeal would not be moot if this court were to find in Moyer's favor. Accordingly, we will address the merits of the appeal.

{¶12} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the [mortgagor] is in default; (4) all conditions precedent have been met; (5) the amount of principal and interest due." *JPMorgan Chase Bank, Natl. Assn. v. Blank*, 11th Dist. Ashtabula No. 2013-A-0060, 2014-Ohio-4135, ¶ 14; *Equitable Fed. S. & L. Assn. v. Hopton*, 5th Dist. Stark No. CA-6664, 1985 WL 7309, *1 ("the historic prerequisites to foreclosure [are] execution and delivery of the note and mortgage; valid recording of the mortgage; default; and, establishing an amount due").

{¶13} On appeal, Moyer contends that the element of default has not been established and, as a matter of law, cannot be established. "In order for a mortgagor to be found in default of the terms of a mortgage note, the note itself must be enforceable

5

as an obligation of the mortgagor. It is meaningless to find a debtor to be in default of the terms of a Note that is itself barred from enforcement against him by operation of law. This conclusion would be no different were the reason for the bar * * * that the note had previously been found to be unenforceable for lack of consideration, capacity, or illegality. In order to foreclose, the mortgagee must show that the mortgagor is in default of its mortgage note. If the note is not a legally enforceable obligation, then the [m]ortgage that secures it is not foreclosable." Appellant's brief at 10.

{¶14} Moyer's argument is based on the following: "When a claim against an estate has been rejected in whole or in part * * *, the claimant must commence an action on the claim, or that part of the claim that was rejected, within two months after the rejection if the debt or that part of the debt that was rejected is then due, * * * or be forever barred from maintaining an action on the claim or part of the claim that was rejected." R.C. 2117.12.

{¶15} Moyer's argument is fundamentally flawed. The statute relied upon, R.C. 2117.12, does not support his position that the failure to commence an action within two months of a claim's rejection by the estate precludes the possibility of the note being in default. On the contrary, if the note were not in default, there would be no claim against the estate to be barred. The statute does not speak of default being cured but of an action not being maintainable. Not only does the plain meaning of the statute contradict Moyer's position that default cannot be proved as a matter of law, the facts of this case and relevant case law demonstrate the contrary.

{¶16} As a factual matter, the decedent, Edward Moyer, executed a note whereby he agreed to pay Bankers Guarantee $579.63 per month in repayment of a loan of

6

$96,700.00. At the same time, the decedent executed a mortgage to secure repayment of the loan. According to the affidavit of Tymara Ehrler, a customer service specialist for Bankers Guarantee, "payment of the loan has been and remains in default because monthly installments due pursuant to the note and mortgage for the month of March, 2019 and thereafter have not been made." According to Moyer's affidavit, "[a]fter serving the rejection [of the claim] on Bankers[,] the Estate made no further payments on the Note and Mortgage." Accordingly, there is no genuine issue of material fact as to whether the note and mortgage are in default.

{¶17} When the decedent's estate defaulted on the repayment of the loan, Bankers Guarantee had several options for collecting the debt: "First, the mortgagee may seek a personal judgment against the mortgagor to recover the amount due on the promissory note, without resort to the mortgaged property. * * * Second, the mortgagee may bring an action to enforce the mortgage, which 'is for the exclusive benefit of the mortgagee and those claiming under him.' * * * Third, based on the property interest created by the mortgagor's default on the mortgage, the mortgagee may bring a foreclosure action to cut off the mortgagor's right of redemption, determine the existence and extent of the mortgage lien, and have the mortgaged property sold for its satisfaction." *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 22-24.

{¶18} The Ohio Supreme Court has stated unequivocally that these are separate and distinct remedies which may be pursued concurrently:

> We have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are "separate and distinct" remedies. *Carr* [*v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947)]; *accord Giddings v.*

7

> *Barney*, 31 Ohio St. 80, 82 (1876) ("The right to proceed, in equity, to enforce the mortgage lien, and the right to proceed, at law, to collect the mortgage debt, are different but concurrent remedies"). Based on the distinction between these causes of action–i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage–we have explained that "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); *accord Bradfield* [*v. Hale*, 67 Ohio St. 316, 325, 65 N.E. 1008 (1902)] (holding that an action for ejectment can be maintained after the statute of limitations on the note has expired); *Simon* [*v. Union Trust Co.*, 126 Ohio St. 346, 350, 185 N.E. 425 (1933)] ("For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary").

*Id.* at ¶ 25.

{¶19} Significantly, the Ohio Supreme Court recognized, as have intermediate appellate courts, that an action to foreclose may be maintained even when the note itself has become unenforceable. *See U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 8 ("[n]otwithstanding the fact that the obligation to pay the note is no longer enforceable [having been discharged in bankruptcy], U.S. Bank is entitled to maintain an action in foreclosure to secure its interest as the mortgagee"); *Bank of New York Mellon v. Frey*, 6th Dist. Sandusky No. S-12-044, 2013-Ohio-4083, ¶ 15 ("if the mortgagee seeks only to foreclos[e] the mortgage and to sell the property to satisfy the debt, there is no claim against the estate and the mortgagee may assert its claim at any time against the heirs and devisees who took the property subject to the lien"); *BAC Home Loans Serv., L.P. v. Mowery Properties, Ltd.*, 10th Dist. Franklin No. 10AP-396, 2011-Ohio-1596, ¶ 19 ("[the expiration of] the statutory limitations period for presentment of claims against an estate did not preclude BAC's independent right to bring an action in equity to foreclose on the mortgage lien and effectuate a sale of the property to satisfy

8

the debt"). To reiterate, the note in the present case is unenforceable against the estate despite being in default. Neither the statute nor the authority relied upon by Moyer support the proposition that the default has become cured or nullified.

{¶20} Moyer claims the trial court was "distracted by the distinction between actions *in rem* and [*in*] *personam*." Appellant's brief at 9. Rather than a distraction, this distinction underlies the difference between a claim based on the note and a claim based on the mortgage. "A suit to foreclose property securing a debt is not a suit directly against the debtor," in this case, the estate, "but, rather, is an action 'in rem,'" in this case, the mortgaged property. *BAC Home Loans* at ¶ 15. Based on this distinction, the trial court rightly stated that "Bankers Guarantee was not required to nor could it assert its foreclosure claim in the probate court when it filed its claim on the promissory note with the Estate." Consistent with foregoing, the probate court's September 19, 2019 Entry stated that Bankers Guarantee's claim against the estate, "consisting of a securitized promissory note" and the "unpaid remaining balance on said note," was "*barred as a claim against the estate pursuant to Chapter 2117 of the Ohio Revised Code.*" The present foreclosure action was not a claim against the estate for the purposes of R.C. 2117.12 and, therefore, is not barred under the operation of that statute.

{¶21} The sole assignment of error is without merit.

{¶22} For the foregoing reasons, the grant of summary judgment in favor of Bankers Guarantee is affirmed. Costs to be taxed against the appellant.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9

Case No. 2021-L-029